■ ROBERT F. RUNG et al., Appellants, v UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Appellants, and A. E. WILSON AND COMPANY, LIMITED, Respondent.—Order unanimously reversed on the law without costs and defendant A. E. Wilson and Company, Limited's motion denied. Memorandum: The court erred in dismissing the complaint, amended complaint and cross claims against defendant A. E. Wilson and Company, Limited (Wilson) on the ground that it was not subject to the jurisdiction of New York courts. The underlying facts are as follows: Wilson is a Canadian insurance agency through which plaintiffs obtained insurance from defendant United States Fidelity & Guaranty Co. (USF&G) on cars licensed and insured in Canada. Plaintiffs own a residence in Canada but live in New York. Plaintiff Maureen Rung is a paraplegic as a result of a one-car accident in New York State, and the coverage available under the insurance policy of the owner and driver of the car in which she was injured is limited to $350,000. Plaintiff Maureen Rung and her father, Robert Rung, claimed coverage under Robert Rung's policy with USF&G, pursuant to the underinsured motorist endorsement of that policy, and they commenced a declaratory judgment action to determine that they were so covered. They

later amended their complaint to add tort causes of action in the alternative.

We find that personal jurisdiction over Wilson does exist in New York pursuant to CPLR 302 (a) (1) *(see, Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 16-17). Wilson transacted business and engaged in purposeful activity in New York, by regularly corresponding, by mail or telephone, with Kary, plaintiffs' insurance agent in New York; by delivering the insurance policy to Kary in New York; by sending invoices to Kary, seeking plaintiffs' premium payments; and by collecting those premiums from Kary. We further find that plaintiffs' causes of action are ripe for adjudication based on the likelihood that plaintiffs' recovery in the underlying action will exceed the policy limit of $350,000 *(see, State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, *affd* 65 NY2d 369) and on the fact that none of the claims will be resolved in the accident litigation *(see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, *lv denied* 44 NY2d 646). Finally, we reject Wilson's contention that plaintiffs' complaint and amended complaint must be dismissed for failure to allege the basis for jurisdiction over Wilson; we find no basis for imposing a strict jurisdictional pleading rule *(see, Fishman v Pocono Ski Rental,* 82 AD2d 906, 907; *see, e.g., Peterson v Spartan Indus.,* 33 NY2d 463; *Badger v Lehigh Val. R. R. Co.,* 45 AD2d 601). (Appeals from order of Supreme Court, Erie County, Wolfgang, J.—dismiss complaint.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.