■ GREAT NECK CAR CARE CENTER INC., Respondent, v ARTHUR ELIAN et al., Appellants.—In an action to set aside an allegedly fraudulent conveyance, the defendants appeal from an order of the Supreme Court, Nassau County (Collins, J.), dated February 10, 1989, which denied their motion to dismiss the complaint and, *sua sponte,* which granted the plaintiff leave to amend the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to dismiss the complaint is granted, and the complaint is dismissed.

We find that the complaint failed to state a cause of action under the Debtor and Creditor Law article 10, to set aside a fraudulent conveyance. The complaint contains no allegation that the conveyance left the debtor insolvent or otherwise unable to meet the plaintiff's claim *(see, Mariner Harbor Natl. Bank v Imperial Beverage Corp.,* 264 App Div 785; *Lafayette Lbr. Co. v Selvester,* 226 App Div 766).

While leave to amend should be freely granted *(see,* CPLR 3025), the plaintiff did not provide a proposed amended complaint nor any affidavit by a person with knowledge of the pertinent facts concerning the defendant Arthur Elian's solvency or insolvency at the time of the conveyance *(see, Saxon v Tung Foon Ong,* 87 AD2d 867). In addition, the bare conclusory allegations by the plaintiff's attorney were insufficient to support the plaintiff's position or to satisfy the requirements of CPLR 302 (a) (2) *(see, Badger v Lehigh Val. R. R. Co.,* 45 AD2d 601, 602). Having already conducted discovery and depositions of the defendants, the plaintiff was afforded a full opportunity to show that the transfer of property was fraudulent but it failed to do so.

We have considered the defendants' remaining contentions and find them to be without merit. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.