■ LONGVIEW FIBRE COMPANY, Respondent, v TRIPLE R INDUSTRIES, Doing Business as RED'S PACKAGING, et al., Appellants.—Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 28, 1992 in Ulster County, which, inter alia, conditionally granted plaintiff's motion for leave to serve an amended complaint.

Plaintiff, a Washington corporation authorized to transact business in New York, commenced this action for a money judgment for goods allegedly sold to defendant Triple R Industries. Service of the summons and complaint was made on the Secretary of State and defendants Richard Memhard, Eugene Passalacqua and William Lax, each of whom reside outside of New York and are alleged guarantors of the company's obligations. Defendants answered, counterclaimed and raised as an affirmative defense lack of personal jurisdiction. Thereafter, plaintiff served an amended complaint and defendants apparently accepted this pleading in exchange for plaintiff's response to certain discovery demands.

Prior to the expiration of defendants' time to answer, plaintiff sought to withdraw the amended complaint and serve a second amended complaint, which was rejected by defendants. Plaintiff then moved for leave to serve a second amended complaint (see, CPLR 3025 [b]) and to strike the affirmative defense of lack of personal jurisdiction (see, CPLR 3211 [b]). Defendants cross-moved pursuant to CPLR 3211 (a) (8) and CPLR 3212 for dismissal on the ground of lack of jurisdiction. Supreme Court granted plaintiff's motion for leave to serve an amended pleading upon the condition that the amended complaint specify (1) the basis for personal jurisdiction as to defendant Triple R Industries, and (2) the facts constituting the transaction of business within New York out of which the

cause of action against Memhard, Passalacqua and Lax allegedly arose; Supreme Court determined that plaintiff's proposed second amended complaint did not satisfy the latter requirement. Plaintiff's motion to strike the affirmative defense and defendants' cross motion were denied without prejudice. This appeal by defendants followed.

Although we recognize that plaintiff bears the burden of establishing jurisdiction *(see, Augsbury Corp. v Petrokey Corp.,* 97 AD2d 173, 176; *Badger v Lehigh Val. R. R. Co.,* 45 AD2d 601, 603), we reject the notion that plaintiff's second amended complaint must be dismissed for failure to allege the basis for jurisdiction over defendants and decline, under the circumstances presented here, to impose a strict pleading rule in this regard *(see, Peterson v Spartan Indus.,* 33 NY2d 463, 467; *Rung v United States Fid. & Guar. Co.,* 139 AD2d 914, 915; *Badger v Lehigh Val. R. R. Co., supra,* at 603; *see also,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:5, at 87 ["nowhere in the CPLR is it required that the plaintiff plead jurisdictional facts"]). Instead, we conclude that based upon our review of the record, plaintiff has made a "sufficient start" to warrant further discovery and a hearing on the issue of personal jurisdiction *(see generally, Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391, 395; *Peterson v Spartan Indus., supra,* at 466-467; *Badger v Lehigh Val. R. R. Co., supra; but cf., Great Neck Car Care Ctr. v Elian,* 159 AD2d 484; *Bissinger v DiBella,* 141 AD2d 595, 596; *Schumacher v Sea Craft Indus.,* 101 AD2d 707); this matter is therefore remitted to Supreme Court for that purpose. The remaining arguments advanced by defendants have been examined and found to be lacking in merit.

Weiss, P. J., Mercure, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.