■ KEVIN F. CAVALIERE, Appellant, v NEW JERSEY INSURANCE UNDERWRITING ASSOCIATION et al., Respondents. [653 NYS2d 692] —In an action, *inter alia,* to recover damages pursuant to an insurance policy, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated February 5, 1996, which, *inter alia,* granted those branches of the defendants' motion which were to dismiss the amended complaint on the ground that the court did not have personal jurisdiction over them and for summary judgment dismissing the second and third causes of action in the amended complaint. The appeal brings up for review so much of an order of the same court, dated June 24, 1996, which, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated February 5, 1996, is dismissed, as that order was superseded by the order dated June 24, 1996, made upon reargument; and it is further,

Ordered that the order dated June 24, 1996, is modified by deleting the provision thereof which adhered to so much of the prior determination as granted that branch of the defendants' motion which was for summary judgment dismissing the second and third causes of action in the amended complaint and substituting therefor a provision adhering only to so much of the prior determination as granted that branch of the defendants' motion which was to dismiss the amended complaint on the ground that the court did not have personal jurisdiction over the defendants; as so modified, the order dated June 24, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff purchased an insurance policy from the defendant New Jersey Insurance Underwriting Association (hereinafter NJIUA) for premises he owns in New Jersey. NJIUA provides property insurance to owners of property in New Jersey and is not authorized to do business in New York. The plaintiff submitted a claim for losses to such property which was denied by NJIUA. Thereafter, the plaintiff commenced an action in New York to recover damages pursuant to the policy. The defendants submitted a motion to dismiss the amended complaint on the ground that the court lacked personal jurisdiction over them and for summary judgment dismissing the amended complaint. The plaintiff opposed contending, *inter*

*alia,* that the defendants are amenable to suit in New York pursuant to CPLR 302 (a) (1) as well as Insurance Law § 1213 (b). The Supreme Court agreed and dismissed the complaint.

Insurance Law § 1213 (b) creates a very broad implied agency of service with the superintendent of insurance which, although going to the very perimeters of due process (*see, Ford v Unity Hosp.,* 32 NY2d 464), provides a method for New York courts to obtain personal jurisdiction over a defendant (*see, Zacharakis v Bunker Hill Mut. Ins. Co.,* 281 App Div 487; *Ace Grain Co. v American Eagle Fire Ins. Co.,* 95 F Supp 784; *cf., McGee v International Life Ins. Co.,* 355 US 220). Here, however, the plaintiff failed to establish that the insurance policy was issued or delivered in New York or that premiums were mailed from New York so as to invoke Insurance Law § 1213 (b) (1) (A) or (C) as a means to confer personal jurisdiction over the defendants. Further, the plaintiff failed to establish that the activities of the defendants made them susceptible to New York jurisdiction pursuant to CPLR 302 (a) (1).

We note, however, that after finding that it lacked personal jurisdiction, it was improper for the Supreme Court to reach the merits of the second and third causes of action (*see, Gager v White,* 53 NY2d 475). O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.