◼ APPOLLON WATERPROOFING & RESTORATION CORP. et al., Appellants, v KODIAK INSURANCE COMPANY, Respondent, et al., Defendants. [655 NYS2d 635] —In an action, *inter alia,* for a judgment declaring that the defendant Kodiak Insurance Company has a duty to defend and indemnify the plaintiff Appollon Waterproofing & Restoration Corp. with regard to a personal injury action brought against it, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 28, 1996, as granted Kodiak Insurance Company's motion to dismiss the complaint insofar as asserted against it for lack of personal jurisidiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The underlying personal injury action arose from injuries allegedly sustained by an employee of the defendant Diamon Corp. (hereinafter Diamon) at a work site in Bronx County. At the time of the accident, Diamon, a subcontractor in the project, was covered by a commercial general liability policy issued by the defendant Kodiak Insurance Company (hereinafter Kodiak). Both Kodiak and Diamon are New Jersey corporations.

In its motion to dismiss, Kodiak established that it is not licensed to do business in New York and that it never knowingly insured New York corporations or businesses. The plaintiffs failed to produce evidence demonstrating that Kodiak *transacted* business in New York or contracted anywhere to provide goods or services in New York *(see,* CPLR 302 [a] [1]). The Supreme Court properly granted Kodiak's motion to dismiss for lack of personal jurisdiction *(see, Burger King Corp.*

*v Rudzewicz,* 471 US 462, 472-473; *Future Ways v Odiorne,* 697 F Supp 1339, 1341-1342; *Roldan v Dexter Folder Co.,* 178 AD2d 589). Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.