■ In the Matter of NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Appellant-Respondent, v FELICIA G. JOHNSON, Respondent, MARYLAND AUTOMOBILE INSURANCE FUND, Respondent-Appellant, et al., Respondent. [688 NYS2d 681] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner New York Central Mutual Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated May 28, 1998, as denied those branches of its petition which were to stay arbitration and to add Maryland Automobile Insurance Fund as a proposed additional respondent, and Maryland Automobile Insurance Fund cross-appeals from so much of the same order as, in effect, denied as academic its application to dismiss that branch of the petition which was to add it as an additional respondent on the ground of lack of personal jurisdiction.

Ordered that the cross appeal is dismissed, without costs or disbursements as the cross appellant is not aggrieved by the order appealed from (*see*, CPLR 5511); and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying that branch of the petition which was to permanently stay arbitration and substituting therefor a provision granting that branch of the petition to the extent that arbitration is temporarily stayed to allow the appellant to commence an action in Maryland, if it be so advised, to determine if Maryland Automobile Insurance Fund properly cancelled its insured's policy; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, unless within 60 days after service upon it of a copy of this decision and order with notice of entry the appellant commences an action in Maryland to determine whether Maryland Automobile Insurance Fund properly cancelled its insured's policy; in the event that the appellant does not commence such an action then the order is affirmed insofar as appealed from, with costs.

On November 28, 1996, while driving on a Brooklyn street, Felicia Johnson, whose vehicle was insured by New York Central Mutual Insurance Company (hereinafter NYCMIC),

collided with a vehicle, owned by Deborah Richards which was registered in Maryland and had, at one time, been insured by Maryland Automobile Insurance Fund (hereinafter MAIF), a Maryland insurer. After MAIF informed Johnson that it had cancelled Richards' policy, Johnson demanded arbitration pursuant to the uninsured motorist provisions of her policy with NYCMIC. NYCMIC filed a petition pursuant to CPLR article 75, *inter alia*, to stay arbitration on the ground among others, that MAIF failed to establish that it cancelled Richards' policy and to add MAIF as an additional respondent. MAIF opposed the petition and sought dismissal of that branch of the petition which was to add it as an additional respondent, on the ground, *inter alia*, that the court did not have personal jurisdiction over it. The Supreme Court denied that branch of the petition which was to add MAIF as an additional respondent on the ground that MAIF had effectively cancelled the policy of Deborah Richards, and, in effect, denied as academic MAIF's application to deny that branch of the petition on the ground that the court could not exercise personal jurisdiction over it.

We agree with MAIF that there was no basis upon which the court could exercise personal jurisdiction over it, since NYCMIC failed to produce evidence demonstrating that MAIF transacted business in New York or contracted to provide goods or services in New York such that the exercise of personal jurisdiction over MAIF would be proper (*see*, CPLR 302 [a] [1]; *Appollon Waterproofing & Restoration Corp. v Kodiak Ins. Co.*, 237 AD2d 552; *Roldan v Dexter Folder Co.*, 178 AD2d 589). In its opposition papers, MAIF established that it is not licensed to do business in New York, is barred from supplying insurance to non-residents of Maryland or to vehicles registered outside of Maryland, that it has no office, agent, or telephone in New York and that it does not solicit business in New York.

Furthermore, the unilateral act of MAIF's insured of driving into New York does not satisfy the requirement that MAIF have contact with or purposefully avail itself of New York such that it can be deemed to be transacting business under New York's long-arm statute (*see*, CPLR 302 [a] [1]; *Hanson v Denckla*, 357 US 235, 253). The fact that MAIF derived a collateral economic benefit from New York from the collection of premiums calculated upon nationwide risks is also insufficient to confer personal jurisdiction over MAIF under New York's long-arm statute (*see*, CPLR 302 [a] [1]; *Birmingham Fire Ins. Co. v KOA Fire & Mar. Ins. Co.*, 572 F Supp 962 [simply supplying reinsurance on New York insurance policies does not give rise to jurisdiction under the transacting business test without some further contact]).

On the papers before this Court, however, we conclude that there is a question as to whether MAIF properly canceled its insured's policy. Under the circumstances, we have temporarily stayed arbitration in order to afford the appellant, NYCMIC, an opportunity to commence an action in Maryland to determine this issue.

The cross appeal of MAIF must be dismissed as it is not aggrieved by the order appealed from since it obtained all the relief it sought, i.e., denial of that branch of the petition which was to add it as an additional respondent. However, MAIF may seek review of that portion of the order which, in effect, denied as academic its application to deny that branch of the petition which was to add it as an additional respondent on the ground of lack of personal jurisdiction (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539).

In light of our determination we need not reach NYCMIC's remaining contention, which in any event is not properly before us as it is raised for the first time on appeal (*see, Matter of Allstate Ins. Co. v Bieder,* 212 AD2d 693; *Miller Org. v Vasap Constr. Corp.,* 184 AD2d 763). Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.