OPINION OF THE COURT
Peter J. Kelly, J.
Plaintiff, a medical care provider, has instituted this suit to recover payment for services rendered to its assignor which it alleges were not timely paid for by the defendant. The plaintiffs assignor, who was injured in an automobile accident, was covered by a policy of auto insurance issued by defendant and plaintiff seeks reimbursement for its services under the “no-fault” provisions of same alleging the services were medically necessary.
The defendant has moved for summary judgment asserting three grounds exist for the dismissal of the complaint. First, it alleges this court lacks personal jurisdiction over it; second, that venue in Queens County is improper ab initio; and third, that Queens County is a forum non conveniens. These arguments shall be addressed in order.
Defendant bases its lack of jurisdiction argument on the premise that it does not transact business in New York City, and therefore it does not fall within the purview of CCA 404 (a).
An affidavit from defendant’s executive vice-president has been submitted in support. The affidavit states that defendant’s *345 only place of business is in Nassau County, that it does not have any agents employed in New York City, and that it only operates in New York City through insurance brokers who are not agents of the company. It contends that its activities as set forth above do not provide enough of a geographical nexus to New York City to warrant this court’s exercise of personal jurisdiction over it.
CCA 404, New York City Civil Court’s “longarm statute,” provides in pertinent part that this court may exercise personal jurisdiction over a nonresident if they “transact * * * business * * * or contract * * * anywhere to supply goods or services in the city of New York” (CCA 404 [a] [1]).
Though defendant’s affidavit clearly establishes what activities it does not perform in New York City, it also omits to mention the business it does engage in. It does not deny that it issued the automobile insurance policy covering plaintiffs assignor, who was a city resident at all relevant times herein, which forms the basis of this action. Nor does it deny that it contracts to provide such coverage to other city residents and accept premium payments from them.
Although defendant states its activities in New York are carried out through brokers and not agents, the defendant’s essential business activities of delivering the policies of insurance and, most importantly, collecting premiums in the city limits remain the same. This court finds that the fact that these services were provided by brokers and not agents is, for the purposes of personal jurisdiction, a distinction without any real difference, since the broker is deemed the insurer’s agent for these purposes. (See, Insurance Law § 2121; Bohlinger v Zanger, 306 NY 228.)
As there is no dispute that this action arises from the contract of insurance defendant had with plaintiffs assignor, and based upon the facts presented, the court finds defendant’s activities satisfy both the standards of transacting business or contracting to provide services in New York City established by statute for the exercise of personal jurisdiction over it (see, e.g., Rung v United States Fid. & Guar. Co., 139 AD2d 914). Accordingly, that branch of defendant’s motion to dismiss the complaint for lack of personal jurisdiction is denied.
Defendant’s second argument is that the complaint should be dismissed because Queens County is an improper venue. However, it appears from the exhibits presented in opposition that plaintiffs assignor was a resident of Queens County at the time the medical services were rendered, is pre *346 sumably still a resident, and no proof to the contrary has been submitted. Since the plaintiffs assignor is deemed the plaintiff for purposes of venue and an action may be commenced in any county where one of the parties resides, venue is properly in Queens. However, even if plaintiffs assignor was not a Queens resident, based upon the facts presented above, the defendant is deemed a resident of Queens County since a corporation is deemed a resident of any county within which it transacts business. Venue, therefore, is proper in Queens County whether measured by plaintiffs or defendant’s residence (CCA 301 [a]; 305). Accordingly, that branch of defendant’s motion to dismiss the complaint for improper venue is likewise denied.
Finally, the branch of defendant’s motion seeking to dismiss the complaint on the basis that Queens County is a forum non conveniens must also be denied.
Defendant has not provided proof in the papers, other than the statement by its counsel that defendant’s main office is in Nassau County and plaintiffs main office is in Kings County, to support its argument of forum nonconveniens.
At a minimum the defendant should have provided the names of the witnesses it expected to appear, the substance of their testimony, and a reason why this forum would be an inconvenient place to litigate this dispute. In the absence of such evidence, the defendant has failed to meet its burden in establishing why Queens County is an inconvenient forum and what other forum would be less burdensome (CPLR 510 [3]; O’Brien v Vassar Bros. Hosp., 207 AD2d 169).