■ In the Matter of the Arbitration between PREFERRED MUTUAL INSURANCE COMPANY, Respondent, and FU GUAN CHAN, Respondent. MARYLAND AUTOMOBILE INSURANCE FUND, Appellant, et al., Respondents. [700 NYS2d 457] —Order, Supreme Court, New York County (Bruce Allen, J.), entered April 28, 1999, which in a proceeding to stay arbitration of an uninsured motorist claim brought by an insurer against its insured, denied additional respondent-appellant insurer's motion to dismiss the petition as against it for lack of jurisdiction, unanimously modified, on the law and the facts, to make the denial of appellant's motion without prejudice, to direct a hearing on the issue of jurisdiction, and to stay the hearing on the issue of coverage, previously ordered by the same court and Justice before appellant was added as an additional respondent, pending the outcome of the hearing on jurisdiction, and otherwise affirmed, without costs.

Appellant asserts that it is an agency of the State of Maryland not licensed to do business in New York, that Maryland law bars it from supplying insurance to nonresidents of Maryland or to vehicles not registered in Maryland, and that it has no office, agent or telephone in New York and does not solicit business in New York (*see, Matter of New York Cent. Mut. Ins. Co. v Johnson*, 260 AD2d 638, 639-640). Nevertheless, it remains that appellant did issue a policy to the offending vehicle's owner, who at all relevant times appeared to be a New York resident, and kept that policy in effect until notified of the accident by the claimant some 16 months later. Therefore, appellant's motion to dismiss for lack of jurisdiction may not be granted before there has been disclosure of the facts and circumstances surrounding its issuance of the subject policy (*see, Peterson v Spartan Indus.*, 33 NY2d 463). We modify so as to hold appellant's motion in abeyance for a hearing, rather than to deny it outright. Concur—Sullivan, J. P., Nardelli, Rubin, Andrias and Friedman, JJ.