■ ANN L. FRANKLIN et al., Respondents, v CATAWBA IN-SURANCE COMPANY et al., Appellants. [737 NYS2d 378] —In an action to recover uninsured motorist benefits under an automobile liability insurance policy, the defendants appeal from an order of the Supreme Court, Kings County (Mason, J.), dated November 14, 2000, which denied their motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On February 7, 1998, while driving in Brooklyn, the plaintiff Levan Frank, whose vehicle was owned by the nonparty Aaron Frank and insured by Catawba Insurance Company (hereinafter Catawba) collided with a vehicle owned and operated by Samir A. Alkuibadi. The vehicle Frank was operating was registered in South Carolina and Catawba is a South Carolina corporation.

Frank and a passenger in his vehicle, Ann L. Franklin, commenced this action against Catawba and Cottingham Insurance Agency sued herein as Cottingham Insurance Company, the agency in South Carolina which secured the policy for Aaron Frank, to recover uninsured motorist benefits. The defendants moved to dismiss the complaint for lack of personal jurisdiction. The Supreme Court denied the motion. We reverse.

On their motion to dismiss, the defendants established that they are not licensed to do business in New York, they have no offices, agents, or telephones in New York, and they do not solicit any business in New York. The plaintiffs failed to produce evidence demonstrating that the defendants transacted business or contracted to provide goods or services in New York (*see*, CPLR 302 [a] [1]; *New York Cent. Mut. Ins. Co. v Johnson,* 260 AD2d 638; *Appollon Waterproofing & Restoration Corp. v Kodiak Ins. Co.,* 237 AD2d 552). Accordingly, the defendants' motion to dismiss the complaint for lack of personal

jurisdiction should have been granted. Altman, J.P., Goldstein, McGinity and Cozier, JJ., concur.