■ Bunkoff General Contractors, Inc., Appellant, v State Automobile Mutual Insurance Company, Also Known as State Auto Insurance Company, Respondent, et al., Defendants. [745 NYS2d 247] —Crew III, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 4, 2001 in Albany County, which, inter alia, granted defendant State Automobile Mutual Insurance Company's motion to dismiss the complaint against it for lack of personal jurisdiction.

Plaintiff, a New York corporation, was the general contractor for the construction of an apartment complex known as Riverwalk on the Hudson located in the City of Cohoes, Albany County. In July 1996, plaintiff entered into a subcontract with defendant R.E. Hatch Construction, Inc. (hereinafter Hatch), an Ohio corporation, pursuant to the terms of which Hatch was to, inter alia, perform framing installation work on the project and, insofar as is relevant to this appeal, procure a general liability insurance policy naming plaintiff as an additional insured. To that end, Hatch obtained a commercial general liability insurance policy from defendant State Automobile Mutual Insurance Company (hereinafter defendant), an Ohio company.

In December 1997, one of Hatch's employees, defendant Arthur Brothers, commenced an action against plaintiff seeking to recover for injuries allegedly sustained in October 1996 while working on the Riverwalk project. Plaintiff, in turn, commenced a third-party action against Hatch for indemnification and, at some point subsequent thereto, demanded that defendant defend and indemnify it in the action brought by Brothers. Defendant refused, prompting plaintiff to commence this declaratory judgment action seeking a declaration as to defendant's obligations under the subject insurance policy. Defendant then moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (8) based upon lack of personal jurisdiction, and plaintiff cross-moved to consolidate the declaratory judgment action with the action brought against it by Brothers. Supreme Court granted defendant's motion to dismiss and plaintiff's cross motion to consolidate, prompting this appeal.

Initially, to the extent that Supreme Court concluded that plaintiff failed to establish that defendant conducted business in this state on a "continuous and systematic" basis (*Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33) and dismissed the complaint based upon plaintiff's failure to establish personal jurisdiction under CPLR 301, such finding plainly was erroneous, as the sole basis for jurisdiction invoked by plaintiff was this state's long-arm statute—CPLR 302. In this regard, CPLR 302 (a) (1) provides that "a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent * * * transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR 302 (a) (1) is a "single act statute" and, as such, one transaction will suffice to confer jurisdiction over the defendant if such defendant's activities in this state were purposeful and there exists a substantial relationship between the transaction at issue and the claim asserted (*see, Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467). As the party seeking to assert personal jurisdiction, plaintiff bore the burden of proof on this issue (*see, Spectra Prods. v Indian Riv. Citrus Specialties*, 144 AD2d 832, 833). Such burden, however, does not entail making a prima facie showing of personal jurisdiction; rather, plaintiff need only demonstrate that it made a "sufficient start" to warrant further discovery (*Peterson v Spartan Indus.*, 33 NY2d 463, 467; *see, Dine-A-Mate v J.B. Noble's Rest.*, 240 AD2d 802, 804; *Longview Fibre Co. v Triple R. Indus.*, 188 AD2d 983, 984), which, pursuant to CPLR 3211 (d), is within Supreme Court's discretion to grant.

Although acknowledging that the mere issuance of the subject insurance policy is insufficient to confer personal jurisdiction over defendant, plaintiff nonetheless contends that the underlying certificate of insurance, which names plaintiff as an additional insured under the policy with respect to work performed by Hatch on the Riverwalk project,* is sufficient to demonstrate that additional facts "may exist" (*see, Peterson v Spartan Indus.*, *supra* at 467) regarding whether defendant knowingly insured a New York corporation. We agree. Although one of defendant's senior claims examiners indeed averred that defendant is not licensed to do insurance business in this state, does not "regularly and knowingly transact any business or contract to supply goods or services in New York

---

* The certificate of insurance bears the following notation: "Re: Riverwalk on the Hudson, Cohoes New York/Bunkoff General Contractors, Inc. is named as Additional Insured with respect to Liability arising out of the operations performed by the Named Insured."

relating to the issuance of insurance policies," maintains no offices or agents here nor solicits any business in this state, those general denials must be viewed in the context of the specific language contained on the face of the certificate of insurance (*see*, footnote, *supra*), which at least raises a question of fact as to whether defendant knowingly insured plaintiff, a New York corporation, with respect to work performed by Hatch on the Riverwalk project (*compare, Matter of Preferred Mut. Ins. Co. [Fu Guan Chan]*, 267 AD2d 181, *with Appollon Waterproofing & Restoration Corp. v Kodiak Ins. Co.*, 237 AD2d 552). Stated another way, we are of the view that plaintiff has made a sufficient start to warrant further discovery on this issue. Accordingly, defendant's motion to dismiss is denied. We have examined defendant's remaining arguments on this point and find them to be lacking in merit.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant State Automobile Mutual Insurance Company's motion to dismiss the complaint against it; motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.