In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v JOSEPH MODESTE et al., Respondents. [810 NYS2d 89]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Spodek, J.H.O.), dated May 17, 2005, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

By order dated December 19, 2003, the Supreme Court temporarily stayed arbitration of the subject uninsured motorist claim and joined Southern United Fire Insurance Company (hereinafter Southern United), the purported insurer of the offending vehicle, as a necessary party respondent. The court also referred the matter to a Judicial Hearing Officer (hereinafter

696

the JHO) for a framed-issue hearing as to whether Southern United's denial of coverage was legally effective. By order dated November 16, 2004, the Supreme Court properly granted Southern United's motion to dismiss the proceeding insofar as asserted against it pursuant to CPLR 302 (a) (1) on the ground of lack of personal jurisdiction (*see Matter of New York Cent. Mut. Ins. Co. v Johnson,* 260 AD2d 638 [1999]). It found that Southern United was a foreign insurer based in the State of Alabama, unauthorized to transact business in the State of New York. The Supreme Court determined that the petitioner failed to establish that Southern United had any contacts in New York sufficient for the exercise of long-arm jurisdiction. In finding that an issue existed regarding whether Southern United properly disclaimed coverage on the ground of lack of cooperation by its insured, the Supreme Court temporarily stayed arbitration for six months so that the petitioner could commence an action in Alabama to determine the issue.

The petitioner failed to commence any action or proceeding in Alabama, but instead sought to go forward with the framed-issue hearing that had been directed by the Supreme Court prior to the dismissal of the proceeding insofar as asserted against Southern United. The petitioner now appeals from the order dated May 17, 2005, which denied the petition to stay arbitration and dismissing the proceeding.

The stay of arbitration contained in the order dated November 16, 2004, was for the express purpose of affording the petitioner an opportunity to litigate, in Alabama, the propriety of Southern United's disclaimer of coverage. The petitioner failed to do so and, in essence, failed to perform the condition precedent fixed by the court for proceeding with its petition to stay arbitration. As the petitioner chose not to commence an action or proceeding in Alabama on the coverage disclaimer issue, which was the basis for the temporary stay, it must now proceed to arbitration. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.