Stardust Dance Productions, Ltd., Also Known as Stardust Dance Productions, Inc., et al., Appellants, v Cruise Groups International, Inc., et al., Respondents. [881 NYS2d 192]—

---

Stein, J. Appeal from an order of the Supreme Court (Sackett, J.), entered November 13, 2008 in Sullivan County, which granted defendants' motion to dismiss the complaint.

Plaintiffs Leonard Moskowitz and Linda Gilberg are the codirectors and sole shareholders of plaintiff Stardust Dance Productions, Ltd. Stardust organizes ballroom dancing weekends at various hotels which are primarily situated in the Hudson Valley and Catskill resort areas of New York. Defendant Drew Axelrod is a Florida resident and president of defendant Cruise Groups International, Inc., a company incorporated in Florida that organizes dance cruises on ships departing from Florida. In early 2007, Moskowitz contacted Axelrod by telephone at his office in Florida to express an interest in forming a relationship with Cruise Groups to organize ballroom dancing cruises on Florida-based cruise ships. Ultimately, the parties agreed to cosponsor two such cruises in the Caribbean in early 2008. Cruise Groups was in charge of all aspects of the actual cruises, including booking the ships, collecting fares, organizing dance activities on the ships and paying the majority of the expenses. Stardust printed advertising brochures and distributed them to ballroom dancers, travel agents, dance studios and dance instructors in New York. Although Axelrod booked the first "Stardust Dance Cruise" with a cruise line in April 2007, the joint venture was not formalized by a written agreement until November 2007. Pursuant to the agreement, the profits were to be divided equally between the parties.

After Cruise Groups allegedly failed to pay some or all of the commissions promised to the various entities that recruited passengers for the cruises—causing Stardust to take on the responsibility of compensating those entities in order to maintain its business relationships with them—plaintiffs commenced this action seeking a full accounting from defendants of all revenue, income, expenses and disbursements of the joint venture. Supreme Court granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, prompting this appeal.

As relevant here, New York courts may exercise personal ju-

risdiction over a nondomiciliary who "transacts any business within the state" (CPLR 302 [a] [1]). The burden of proof is on the party seeking to assert jurisdiction (see Spectra Prods. v Indian Riv. Citrus Specialties, 144 AD2d 832, 833 [1988]). Evidence of even one transaction in New York may be sufficient to establish personal jurisdiction "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Kreutter v McFadden Oil Corp., 71 NY2d 460, 467 [1988]; see Corporate Campaign v Local 7837, United Paperworkers Intl. Union, 265 AD2d 274, 274-275 [1999]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws' " (Fischbarg v Doucet, 9 NY3d 375, 380 [2007], quoting McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377, 382 [1967]). Thus, a meeting of parties in New York, even for just one day, may be enough to subject defendants to New York jurisdiction, depending on the nature and extent of the defendants' activities in the state (see Presidential Realty Corp. v Michael Sq. W., 44 NY2d 672, 673 [1978]; L&R Exploration Venture v Grynberg, 22 AD3d 221, 221 [2005], lv denied 6 NY3d 749 [2005]; Giant Group v Arthur Andersen LLP, 2 AD3d 189, 190 [2003]; Fabrikant & Sons v Adrianne Kahn, Inc., 144 AD2d 264, 264-265 [1988]).

Here, it is undisputed that defendants do not have an office in New York and that the joint venture agreement was executed in Florida. However, plaintiffs allege that Axelrod engaged in purposeful activities in New York which were substantially related to the joint venture and the action for an accounting. Specifically, they claim, in a sworn affidavit, that Axelrod personally attended meetings in New York concerning the joint venture on two occasions—once in June 2007 and again in September 2007—and that he solicited travelers for the dance cruises while at these meetings. The meetings took place during "dance weekends" sponsored by Stardust at Kutchers Country Club in Sullivan County. Plaintiffs claim that Axelrod set up tables in the main lobby of the hotel and was stationed thereat in order to display promotional materials and respond to inquiries regarding the planned dance cruises. Plaintiffs submitted documentary evidence, including a schedule of events for the June 2007 dance weekend, indicating that Axelrod would be present at a particular time to "answer[ ] . . . questions about the first Stardust Dance Cruise scheduled for January 27-Feb 3, 2008" and a "Group Guest List" from the September 2007 dance weekend, on which Axelrod is marked as "staff."

Although Axelrod acknowledges that he was present in New

York at the June and September 2007 dance weekends, he denies that he was a staff member at either of those events or that he engaged in any solicitation of customers for the dance cruises during those weekends. Rather, he avers that he was there to participate in the scheduled dance activities for personal pleasure and merely attempted to ascertain the level of interest in the dance cruises. Axelrod concedes that he attended a "Q & A" session during the June 2007 dance weekend, but claims that the purpose of that session was strictly limited to answering basic travel questions, such as about travel insurance and cruise ship policies. He alleges that no sales presentations were made during that weekend and that he had no registration materials at his disposal in accordance with Stardust's policy against having such materials available for future events at a current event.

The question of whether defendants' activities in New York are sufficient to confer jurisdiction in this state turns on whether such activities consisted of efforts in furtherance of the joint venture and promotion of participation in the cruises and is not limited to whether defendants actually solicited individual customers (*see generally Kreutter v McFadden Oil Corp.*, 71 NY2d at 467; *Corporate Campaign v Local 7837, United Paperworkers Intl. Union*, 265 AD2d at 274-275). We are of the view that plaintiffs' evidence is sufficient to raise a question of fact in that regard, particularly since defendants had already contracted with the cruise lines before Axelrod's activities related to the cruise took place in New York, arguably casting some doubt on Axelrod's claims that he was merely attempting to assess the level of interest in the cruises. Where, as here, plaintiffs' assertions of conduct on defendants' part on which personal jurisdiction may be premised are not frivolous and are a sufficient start (*see generally Augsbury Corp. v Petrokey Corp.*, 97 AD2d 173, 176 [1983]), the issue of jurisdiction should not have been decided on the basis of conflicting affidavits (*see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *Longview Fibre Co. v Triple R Indus.*, 188 AD2d 983, 984 [1992]; *Badger v Lehigh Val. R.R. Co.*, 45 AD2d 601, 603 [1974]). In the face of such conflicting affidavits, Supreme Court should have held a hearing to determine the nature and extent of defendants' activities prior to making a determination (*see Noble v Singapore Resort Motel of Miami Beach*, 21 NY2d 1006, 1007 [1968]; *Longview Fibre Co. v Triple R Indus.*, 188 AD2d at 984; *Chamberlain v Jiminy Peak*, 155 AD2d 768, 768 [1989]; *Badger v Lehigh Val. R.R. Co.*, 45 AD2d at 603). Defendants' motion must therefore be denied.

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered

that the order is reversed, on the law, with costs, and motion denied.