■ MICHAEL URFIRER et al., Appellants, v SB BUILDERS, LLC, et al., Respondents. (And a Third-Party Action.) [946 NYS2d 266]—

Egan Jr., J. Appeal from an order of the Supreme Court (Muller, J.), entered July 29, 2011 in Essex County, which, among other things, partially granted defendants' cross motion to dismiss the amended complaint.

Plaintiffs, who are residents of Connecticut, entered into a contract with defendant SB Builders, LLC, a Connecticut limited liability company, for the construction of a multi-million dollar residence in the Village of Lake Placid, Essex County. At all

times relevant, defendant Robert S. Carlson was a managing member of SB, and defendant Alan M. Ridgeway was an employee of SB. Both Carlson and Ridgeway, also residents of Connecticut, were identified as "key personnel" for purposes of the project and, pursuant to the terms of a rider to the construction contract, Ridgeway was to provide project management services during the construction of the home.

In addition to the foregoing, the parties contemplated that various subcontractors would be employed on the project and, to that end, the contract documents established a prescribed method of payment for those entities. Specifically, a subcontractor would submit its invoice to SB, which, in turn, would forward an application for payment to the project architect. Pursuant to the terms of the contract, this application represented a payment that SB had made (or intended to make) to the subcontractor, less a minor retainage. Assuming the application was approved, the architect would certify—and advise plaintiffs of—the sum due, and plaintiffs would then tender payment to SB.

As the project neared its scheduled completion date, plaintiffs discovered that certain subcontractors had stopped working—purportedly because they had not been paid by SB. When attempts to resolve these payment disputes proved unsuccessful, plaintiffs commenced this action alleging, among other things, breach of contract against SB and fraud against SB, Carlson and Ridgeway. Following joinder of issue, plaintiffs moved to, among other things, amend their complaint, and defendants cross-moved to dismiss the fraud cause of action. Supreme Court granted plaintiffs' motion to amend their complaint, as well as so much of defendants' cross motion as sought dismissal of the fraud claim against Carlson and Ridgeway based upon lack of personal jurisdiction. This appeal by plaintiffs ensued.

A New York court may exercise personal jurisdiction over a nondomiciliary who, either in person or through his or her agent, "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]; *see Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d 1262, 1263-1264 [2009]). Notably, CPLR 302 (a) (1) is a "single act statute" and, therefore, "proof of one transaction in New York is sufficient to invoke jurisdiction . . . so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *see Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d at 1264; *Farkas v Farkas*, 36 AD3d 852, 853

[2007]; *Bunkoff Gen. Contrs. v State Auto. Mut. Ins. Co.*, 296 AD2d 699, 700 [2002]). As the parties seeking to assert personal jurisdiction, plaintiffs bear the burden of proof in this regard (*see People v Frisco Mktg. of NY LLC*, 93 AD3d 1352, 1353 [2012]; *Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d at 1264). "Such burden, however, does not entail making a prima facie showing of personal jurisdiction; rather, plaintiff[s] need only demonstrate that [they] made a 'sufficient start' to warrant further discovery" (*Bunkoff Gen. Contrs. v State Auto. Mut. Ins. Co.*, 296 AD2d at 700, quoting *Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *see People v Frisco Mktg. of NY LLC*, 93 AD3d at 1353). In our view, plaintiffs met that burden here.

Plaintiffs allege that Carlson and Ridgeway personally executed or caused to be submitted allegedly fraudulent payment applications representing sums owed or paid to various New York subcontractors that, in reality, either were not due, had not been paid or were due in a sum less than the amount portrayed on the payment applications. Specifically, plaintiffs allege that Carlson and/or Ridgeway submitted numerous original invoices for payment, obtained the architect's certification thereof, secured the appropriate payments from plaintiffs and then either failed to remit the certified sums to the New York subcontractors or thereafter requested that such subcontractors withdraw their original invoices and submit revised—and lower priced—invoices in their place. In addition to the foregoing transactions, plaintiffs allege that Carlson and Ridgeway hired and supervised more than one dozen subcontractors in New York, extensively communicated with the subcontractors via telephone calls and e-mails, traveled to New York to supervise the project and derived substantial financial benefit from their work thereon. Such allegations, in our view, are sufficient to survive defendants' motion to dismiss the amended complaint against Carlson and Ridgeway for lack of personal jurisdiction under CPLR 302 (a) (1) (*see Peterson v Spartan Indus.*, 33 NY2d at 467; *Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d at 1264-1265; *Bunkoff Gen. Contrs. v State Farm Auto. Mut. Ins. Co.*, 296 AD2d at 700-701).

We reach a similar conclusion as to plaintiffs' alternate basis for jurisdiction under CPLR 302 (a) (3). A New York court may exercise personal jurisdiction over a nondomiciliary who "commits a tortious act without the state causing injury to person or property within the state" (CPLR 302 [a] [3]). "Where, as here, commercial nonphysical losses are alleged, the situs of the injury is not where the losses are sustained, but where the critical

events associated with the dispute took place" (*Benifits by Design Corp. v Contractor Mgt. Servs., LLC*, 75 AD3d 826, 830 [2010] [internal quotation marks and citations omitted]; *see Polansky v Gelrod*, 20 AD3d 663, 665 [2005]). In our view, even assuming that all of Carlson's and Ridgeway's purported misrepresentations occurred in Connecticut, plaintiffs nonetheless have alleged sufficient facts as to the construction delays occasioned by defendants' asserted failure to pay the New York subcontractors to survive defendants' motion to dismiss pursuant to CPLR 3211 (a) (8). Accordingly, Supreme Court erred in dismissing the amended complaint against Carlson and Ridgeway.

Mercure, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as partially granted defendants' cross motion and dismissed the amended complaint against defendants Robert S. Carlson and Alan M. Ridgeway; cross motion denied in its entirety; and, as so modified, affirmed.