*668 Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered March 10, 2011, which, insofar as appealed from, denied plaintiff’s request for jurisdictional discovery, unanimously affirmed, without costs. Order, same court (Shirley Werner Kornreich, J.), entered March 15, 2011, which, insofar as appealed from, denied plaintiffs application for jurisdictional discovery, unanimously reversed, on the law and in the exercise of discretion, without costs, plaintiff’s application to stay the hearing before the special referee pending disclosure granted, without prejudice to defendant applying for a protective order limiting disclosure.
The first order appealed from arose out of defendant’s motion to dismiss for lack of personal jurisdiction; plaintiff argued that the action should not be dismissed until plaintiff had the opportunity to conduct discovery. The first order did not dismiss the action; instead, it properly ordered a hearing to determine if New York had jurisdiction over defendant (see Matter of Preferred Mut. Ins. Co. [Fu Guan Chan], 267 AD2d 181, 182 [1st Dept 1999]). Also, at the time of the first order, plaintiff had not yet propounded any discovery requests and that order neither permitted nor prohibited discovery.
By the time of the second order, plaintiff had propounded discovery requests. We believe that jurisdictional discovery in addition to what was already ordered by the motion court is appropriate in this case. It is true that some of the discovery requests are overbroad. Therefore, our decision is “without prejudice to defendant [ ] applying, if so advised, . . . for a protective order appropriately limiting disclosure to that which is reasonably related to the jurisdictional issue” (Peterson v Spartan Indus., 33 NY2d 463, 467-468 [1974]). Concur—Sweeny, J.E, Saxe, Moskowitz, Gische and Clark, JJ.