OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits from an out-of-state insurer for medical services plaintiff had provided to its assignor as a result of injuries sustained in an automobile accident that occurred in New York. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint, contending, among other things, that it had not been properly served with process and that the court lacked jurisdiction over it. Plaintiff opposed the cross motion. The Civil Court denied the motion and cross motion. Thereafter, defendant moved for leave to renew and reargue its prior cross motion, contending, among other things, that an out-of-state affidavit by its corporate officer, which had been submitted in support of the cross motion for summary judgment, was in compliance with CPLR 2309 (c), and that the court should have considered the facts alleged therein, which established that the court lacked jurisdiction over defendant. Plaintiff opposed the motion, contending, among other things, that the affidavit was inadmissible and that, in any event, had it been considered, it would not have changed the court’s prior determination deny *51 ing summary judgment to defendant. The Civil Court granted defendant’s motion for leave to renew and reargue, and, upon renewal and reargument, granted defendant’s cross motion for summary judgment dismissing the complaint, albeit on non-jurisdictional grounds.
At the outset, we note that, despite defendant’s failure to submit a proper certificate of conformity together with the out-of-state affidavit of its corporate officer, as required by CPLR 2309 (c), this omission was not a fatal error (see CPLR 2001; Gonzalez v Perkan Concrete Corp., 110 AD3d 955 [2013]; Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc., 110 AD3d 680 [2013]; Fredette v Town of Southampton, 95 AD3d 940 [2012]; Bay Med. P.C. v GEICO Ins. Co., 41 Misc 3d 145[A], 2013 NY Slip Op 52084[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]) and, therefore, the affidavit has been reviewed on this appeal. In view of the foregoing, we find that the Civil Court properly granted defendant leave to renew and reargue its motion for summary judgment.
Turning to the merits, we note that the record is devoid of any indication as to how or where service of process upon defendant was made. Nevertheless, defendant asserts that, however service was effectuated, there was no jurisdictional basis therefor since, as an out-of-state insurance company, jurisdiction could not have been obtained over it by virtue of service upon the New York State Superintendent of Insurance pursuant to Insurance Law § 1212 or § 1213.
In support of its cross motion, defendant demonstrated, prima facie, through documentary evidence, that it was not authorized to conduct an insurance business in New York and, as a result, jurisdiction could not be obtained over it pursuant to Insurance Law § 1212. Furthermore, defendant established, prima facie, through the affidavit of its corporate officer, that neither it nor its reciprocal insurers, affiliates, or subsidiaries provide, write, or sell insurance in the State of New York or to its residents. They do not provide goods or services within New York nor do they transact business in New York and they do not have any offices or agents in this state. Thus, defendant did not perform any of the acts specified in Insurance Law § 1213 (b) (1) in New York and, as a result, jurisdiction could not be obtained over it pursuant to Insurance Law § 1213 (see Farm Family Mut. Ins. Co. v Nass, 121 AD2d 498 [1986]).
As previously indicated, the record is devoid as to how or where service of process was made. We note that, for the same *52 reasons that jurisdiction could not be obtained pursuant to Insurance Law § 1213, it could not be obtained under the long-arm statute (CCA 404), since the requirements of each statute are similar (see e.g. Chase Manhattan Bank v AXA Reins. UK, 300 AD2d 16 [2002]; Cavaliere v New Jersey Ins. Underwriting Assn., 236 AD2d 502 [1997]; American Ind. Ins. v Heights Chiropractic Care, P.C., 12 Misc 3d 228 [Sup Ct, NY County 2006]). This is especially true here, where defendant established through the affidavit of its corporate officer that there was no transaction of business in the State of New York, let alone New York City. We further note that the mere unilateral act of an automobile insurer’s insured of driving into New York State, without more, is insufficient to permit a New York court to exercise long-arm jurisdiction over the out-of-state insurer (see Matter of Eagle Ins. Co. v Gutierrez-Guzman, 21 AD3d 489 [2005]; Franklin v Catawba Ins. Co., 291 AD2d 371 [2002]; Matter of New York Cent. Mut. Ins. Co. v Johnson, 260 AD2d 638 [1999]).
The burden of proving jurisdiction is on the party asserting it and, in the face of defendant’s contentions raised in its cross motion, plaintiff was obligated to come forth with definitive evidentiary facts to support jurisdiction over the out-of-state insurer (see Bunkoff Gen. Contrs. v State Auto. Mut. Ins. Co., 296 AD2d 699 [2002]; Spectra Prods. v Indian Riv. Citrus Specialties, 144 AD2d 832 [1988]; Lamarr v Klein, 35 AD2d 248 [1970]); however, it failed to do so. Thus, jurisdiction was never acquired over defendant.
Plaintiff’s remaining contentions are found to be without merit. Accordingly, the order of the Civil Court is affirmed, albeit on grounds other than those stated by the Civil Court.
Weston, J.E, Aliotta and Solomon, JJ., concur.