Mischel v Safe Haven Enters., LLC (2018 NY Slip Op 03902)





Mischel v Safe Haven Enters., LLC


2018 NY Slip Op 03902


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


653651/16 6722 6721

[*1]Jason R. Mischel, Plaintiff-Appellant,
v
Safe Haven Enterprises, LLC, et al., Defendants-Respondents.


Jason R. Mischel, appellant pro se.
David B. Smith, PLLC, New York (Nicholas D. Smith of counsel), for respondents.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered August 3, 2017, to the extent it denied plaintiff's motion to renew defendants' motion to dismiss the amended complaint for lack of personal jurisdiction, unanimously reversed, on the law and the facts, with costs, plaintiff's motion granted, and, upon renewal, defendants' motion denied, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order. Appeal from order, same court and Justice, entered April 18, 2017, which granted defendants' motion, unanimously dismissed, with costs, as academic.
In opposition to defendants' motion to dismiss, plaintiff made a "sufficient start" in establishing that New York courts have jurisdiction over defendants to warrant jurisdictional disclosure and a hearing (see e.g. Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606, 607 [1st Dept 2018]; Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc., 63 AD3d 1262, 1265 [3d Dept 2009]). On his motion to renew, plaintiff submitted sufficient evidence to warrant a finding of jurisdiction on the papers alone (see Fischbarg v Doucet, 9 NY3d 375 [2007]; CPLR 2221[e], [f]). The evidence shows that plaintiff was hired by defendants, a corporation and two individuals, all residents of Louisiana, after an in-person meeting in New York and that defendants engaged in extensive communications with him by telephone, email, in-person meetings, and document exchanges for two years while he was in New York representing them in various matters.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK