■ In the Matter of GENERAL ACCIDENT INSURANCE COMPANY, Respondent, v LOI TRAN et al., Respondents, and INFINITI GROUP, Appellant. [667 NYS2d 417] —In a proceeding pursuant to CPLR article 75 to permanently stay an uninsured motorist arbitration, Infiniti Group appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated December 5, 1996, which granted the application and determined that the offending vehicle was covered by bodily injury liability protection furnished by the appellant with limits of $10,000 per person and $20,000 per accident.

Ordered that the order is affirmed, with costs.

On September 9, 1994, a vehicle operated by Loi Tran in Nassau County collided with a vehicle operated by Diane J. Rudy. Rudy's vehicle was registered in Florida and was covered by a policy issued by the appellant which the appellant claims does not provide coverage for bodily-injury claims. This policy contained an "Out of State Insurance" clause which provided, in pertinent part, that: "If an insured person becomes subject to the financial responsibility law or the compulsory insurance law or similar laws of another state because of the ownership, maintenance or use of your insured car in that state, we will interpret this policy to provide any broader coverage required by those laws". We conclude that pursuant to the language of this clause, the Rudy vehicle cannot be considered uninsured.

Vehicle and Traffic Law § 318 (5) (a) states that a person who is not a resident of this State, who operates a vehicle which is not registered in this State on the public highways of this State, and who does so "with knowledge that proof of financial security was not in effect with respect to such vehicle", shall incur the penalty of revocation of his or her "nonresident privileges" upon submission of appropriate evidence to the Commissioner of Motor Vehicles (*see also,* Vehicle and Traf-

fic Law § 318 [4] [a]; § 311 [4] [a], [c]; § 250 [1]; *Servido v Superintendent of Ins.,* 77 AD2d 70, 85 [Sullivan, J., dissenting], *revd* 53 NY2d 1041 on dissenting opn at App Div). It follows that a nonresident operator of a foreign-registered vehicle may not drive upon the public highways of this State with complete immunity from New York's financial security laws, even assuming that such conduct might not constitute an actual traffic infraction (*cf.,* Vehicle and Traffic Law § 319 [1] [applicable to New York registered or unregistered vehicles]; *see, People v Rosskamp,* 79 Misc 2d 104).

Under the circumstances of this case, we conclude that the appellant's insured was "subject to the financial responsibility law * * * of [this] state", so that the appellant's policy furnishes bodily injury liability protection pursuant to its "Out of State Insurance" clause, and that such protection conforms to that required by the version of New York's Financial Security Act (*see,* Vehicle and Traffic Law § 311 [3], [4] [a]) in effect at the time of the accident. This is true irrespective of whether such coverage must be read into the policy pursuant to Insurance Law § 5107 (a). Neither *Matter of Transamerica Ins. Group (Markland)* (107 AD2d 591) nor *Rogers v U-Haul Co.* (41 AD2d 834), relied upon by the appellant, involves the construction of an "Out of State Insurance" clause, much less the construction of such a clause in light of Vehicle and Traffic Law § 318 (5) (a) and (4) (a).

The Supreme Court thus correctly concluded that the vehicle of the appellant's insured was not uninsured within the meaning of the uninsured motorist endorsement of the petitioner-respondent's policy, and thus properly granted the petitioner-respondent's application for a permanent stay of the uninsured motorist arbitration. Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.