OPINION OF THE COURT
Stephen G. Crane, J.
Motion sequences 003 and 004 are consolidated for disposition.
Defendant Commercial Truck, Ltd. (Commercial) moves to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8). (Motion sequence 003.) Defendants Weyerhaeuser Co., Weyerhaeuser, Inc., Weyerhaeuser, Ltd. (hereinafter collectively referred to as Weyerhaeuser), Green Arrow Motor Express, Green Arrow Motor Express, Ltd., and Green Arrow Motor Express, Inc. (hereinafter collectively referred to as Green Arrow), cross-move to change the venue of this action from New York County to Supreme Court, Sullivan County. (Motion sequence 003.)[1]
Plaintiff Richard Miller (Miller) moves, by separate notice of motion, for default judgment against defendant Commercial. (Motion sequence 004.)[2]
Plaintiff commenced this action in July 1996 to recover damages for personal injuries he sustained on July 18, 1994 during the course of his employment with defendant Diane Miller.[3] Plaintiff was operating a tractor trailer and was injured due to a defect in the braking mechanism. The defect allegedly caused *473 an air chamber in the system to become dislodged from the trailer and to strike plaintiff in the face. Plaintiff alleges that defendants were negligent in failing to secure, inspect, maintain and repair the braking system.
The accident occurred in Coopersburg, Pennsylvania; at that time, plaintiff was a resident of Sullivan County, New York. The complaint alleges that TIP, a foreign corporation licensed to do business in New York, owned a trailer that was leased to Green Arrow. Green Arrow, a foreign corporation licensed to do business in Delaware, used the trailer to transport Weyerhaeuser’s products to destinations throughout the United States. Weyerhaeuser is alleged to be a foreign corporation licensed to do business in North Carolina, Delaware, and the State of Washington. Diane Miller, a resident of Sullivan County, New York, owned a tractor used to tow the trailer; Diane Miller hired plaintiff to drive her tractor and tow one of the trailers from North Carolina to Pennsylvania. Commercial, a foreign corporation licensed to do business in North Carolina, performed various maintenance and inspection procedures on the trailers before they were towed.
Commercial
In support of the motion for default judgment against Commercial, plaintiff states that the summons and complaint were personally served on it in North Carolina on August 10, 1996. When Commercial failed to appear or answer, plaintiff moved for default judgment by notice of motion dated August 8, 1997 (motion sequence 002). On the same day, prior to receiving plaintiff’s motion, Commercial filed a notice of appearance reserving its defense of lack of personal jurisdiction. On August 12, 1997 Commercial moved to dismiss the complaint.[4]
In support of the motion to dismiss, Commercial states that it is not a New York resident and does not have sufficient minimum contacts with New York to subject it to jurisdiction here. Commercial is not licensed to do business in New York and does not have offices in New York. The alleged tortious act, that is, Commercial’s negligent maintenance and inspection of the trailers, did not occur in New York, and the injury to plaintiff occurred in Pennsylvania.
In opposition, plaintiff contends that Commercial’s motion is untimely. Plaintiff argues that CPLR 3211 (e) requires that a *474 motion under CPLR 3211 (a) must be made before service of the responsive pleading is required. Commercial’s answer or notice of appearance was due on September 10, 1996; it did not make its motion or file a notice of appearance until 11 months later. Plaintiff argues that this delay has prejudiced him in that the Statute of Limitations expired on July 18, 1997.
This case presents a classic example that Professor David D. Siegel characteristically warns practitioners about when he says let it happen in “Somebody Else’s Case”. Look how it plays out here.
CPLR 3211 (e) provides that a motion under CPLR 3211 (a) must be made before service of a responsive pleading is required[5] (see, Siegel, NY Prac § 272, at 401 [2d ed]; 7 Weinstein-Korn-Miller, NY Civ Prac U 3211.02; see also, Boswell v Jiminy Peak, 94 AD2d 782 [2d Dept 1983]). CPLR 3211 (f) provides that service of a motion to dismiss “before service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the pleading until ten days after service of notice of entry of the order.” “A motion to dismiss pursuant to CPLR 3211 will extend the time in which a defendant may serve a responsive pleading only if the motion is made before that pleading was originally due and will not operate to relieve a party’s default in pleading”. (Wenz v Smith, 100 AD2d 585, 586 [2d Dept 1984]; see, Kirschenbaum v Gianelli, 63 AD2d 1057.)
Commercial served a notice of appearance and moved under CPLR 3211 11 months after its time to appear or answer had expired. This is too late for a motion under CPLR 3211. (See, CPLR 3211 [e].) This is not to say, however, that the objection to lack of jurisdiction over the person has been waived. CPLR 3211 (e) specifies that the objection to lack of in personam jurisdiction is waived “if a party moves on any of the grounds set forth in subdivision (a) without raising such objection”. Commercial is not guilty of that misstep. CPLR 3211 (e) prescribes an alternative waiver where the defendant “having made no objection under subdivision (a), he does not raise such objection in the responsive pleading.” Commercial has interposed no responsive pleading, so it has not waived its objection on that basis either. All we have, then, is a motion under CPLR 3211 (a) (8) that is untimely.
This leaves us with a procedural conundrum. If the court denies Commercial’s motion and grants plaintiffs motion for a *475 default judgment against Commercial, it would simply move to vacate the default on the ground that the court lacks personal jurisdiction over it (CPLR 5015 [a] [4]).[6] This would certainly not result in judicial economy. Indeed, it would repudiate the objectives of the CPLR “to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” (CPLR 104.)
On the other hand — and here lies the “Somebody Else’s Case” phenomenon — Commercial would be moving to vacate the default judgment on the ground that it has no presence in New York after the Statute of Limitations has run [7] From this standpoint, a result that dismisses the action against Commercial appears an unfair reward for a party who supposedly consciously defaulted and moved to dismiss only after the Statute of Limitations had run. On the other hand, plaintiff bears responsibility for knowing that this defendant has no New York presence. He should have taken the protective measure of suing Commercial in North Carolina. Or, plaintiff could have moved for default judgment against Commercial immediately after it defaulted in answering or appearing. Had he done so, these issues would have been fleshed out and plaintiff would not have run out of time to sue Commercial in the appropriate jurisdiction.
To be precise, Commercial is not disputing the manner of service of process; thus, its reliance on a Second Department case, Laurenzano v Laurenzano (222 AD2d 560), is misplaced. Carolyn Laurenzano moved under CPLR 5015 (a) (4) for the first time after default judgment was entered to vacate the default judgment entered against her on the ground that she had never been served with process and did not appear or authorize an attorney to appear on her behalf. Vacatur was granted because Laurenzano had no knowledge of the action and no opportunity to assert the defense prior to being served with the judgment in the action.
*476 The nature of Commercial’s defense is different. Indeed, its waivability even under CPLR 3211 (e) is in question.[8] Had Commercial merely awaited entry of a default judgment and plaintiff’s effort to enforce it in North Carolina, the judgment would have been vulnerable to vacatur there due to Commercial’s lack of minimal contacts with New York State. (See, Williams v North Carolina, 325 US 226, 229-230, reh denied 325 US 895; Lacks v Lacks, 41 NY2d 71, 73, rearg denied 41 NY2d 862.) To enter a default judgment in this State under such circumstances is nugatory. It would not be collectible here or in North Carolina.
So, this brings us to the question of what to do. First, the court rules as a matter of law that Commercial lacks the minimal contacts with New York that would satisfy constitutional imperatives. Plaintiff alleges that Commercial is a foreign corporation licensed to do business in North Carolina or Delaware or Pennsylvania. There is no jurisdiction over Commercial under CPLR 302 (a) (3). That statute contemplates jurisdiction where the nondomiciliary “commits a tortious act without the state causing injury to person or property within the state”. It does not apply here, because the out-of-State tortious act did not cause injury in New York within the meaning of the statute (see, Lancaster v Colonial Motor Frgt. Line, 177 AD2d 152 [1st Dept 1992]). Plaintiffs conclusory allegation that Commercial is doing business in New York is insufficient to assert jurisdiction under either CPLR 301 or 302 (a) (1) (“transacts any business within the state or contracts anywhere to supply goods and services in the state”). To subject a foreign corporation to personal jurisdiction in New York under CPLR 301, plaintiff must show that the corporation is engaged in a continuous and systematic course of doing business such that the aggregate of its activities “have a fair measure of permanence and continuity sufficient to make it reasonable according to traditional notions of fair play and substantial justice that the litigant be required to defend the action in the forum”. (Jurlique, Inc. v Austral Biolab Pty., 187 AD2d 637, 640 [2d Dept 1992], citing Laufer v Ostrow, 55 NY2d 305 [1982]; see, Frummer v Hilton Hotels Intl., 19 NY2d 533, 536, cert denied 389 US 923 [1967].) Finally, plaintiff fails to allege or show that Commercial maintains offices or bank accounts in New York, solicits business in the State or maintains a telephone *477 listing of employees within the State, or any other connection with the State sufficient to sustain long-arm jurisdiction over it.
Second, since technically the procedure Commercial has invoked is unavailable due to untimeliness, the court should deny its motion and grant the plaintiffs request for a default judgment. But, it is abundantly clear that, since Commercial cannot be found to have waived its defense as prescribed in CPLR 3211 (e) — and plaintiff does not claim any other method of waiver — it will move next to vacate the default judgment pursuant to CPLR 5015 (a) (4). That motion would have to be granted and the complaint would end up dismissed! Why bother? Failing to recognize the realities and adhering to the technicalities would simply undermine the speedy and inexpensive resolution of the controversy. (See, CPLR 104.) Therefore, Commercial’s motion is hereby treated as made under CPLR 5015 (a) (4) as if a default judgment had already been entered. The court will then deem the default judgment vacated and will, as it must, proceed to dismiss the complaint against Commercial. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5015:9, at 475-476.)
Weyerhaeuser and Green Arrow
In support of their cross motion to change the venue of this action from New York County to Sullivan County, Weyerhaeuser and Green Arrow argue that there is no nexus to New York County. At the time of the accident and the commencement of this action, plaintiff Richard Miller was a resident of Sullivan County.[9] Although the complaint alleges that defendant Diane Miller resides in Sullivan County, the summons lists her residence as Forestburg, New York. The remaining defendants are foreign corporations.
In opposition, plaintiff states, as he does in the complaint, that defendant TIP, a foreign corporation licensed to do business in New York, maintains an office at 1633 Broadway, New York, New York. Therefore, plaintiff argues that venue is proper in New York County pursuant to CPLR 503 (c). Since there is no evidence offered to controvert this assertion, Weyerhaeuser’s and Green Arrow’s cross motion to change venue is denied.
Accordingly, it is ordered that the motion by Commercial (motion sequence 003) to dismiss the complaint for lack of *478 personal jurisdiction, treated as a motion made under CPLR 5015 (a) (4) as if a default judgment had already been entered, is granted and the default judgment is hereby deemed vacated and the complaint against Commercial is severed and dismissed; and it is further ordered that the cross motion by Weyerhaeuser and Green Arrow (motion sequence 003) to change the venue of this action is denied; and it is further ordered that the motion by plaintiff for default judgment against Commercial (motion sequence 004) is denied; and it is further ordered that the Clerk is directed to enter judgment accordingly.

. In motion sequence 003, that branch of the cross motion by Weyerhaeuser and Green Arrow to dismiss the complaint for lack of personal jurisdiction is withdrawn. Transport International Pool, also known as TIP, Transport International Pool, Inc., also known as TIP, Transport International Pool, Ltd., also known as TIP, and Transport International Pool, a part of G.E. Capital Company (hereinafter collectively referred to as TIP), G.E. Capital, Inc., and G.E. Capital Ltd. (hereinafter G.E.) withdraw their cross motion in motion sequence 003 to dismiss the complaint for lack of personal jurisdiction and to change venue.

. That branch of the motion for default judgment against defendant Diane Miller was already granted by decision of former Justice Stuart C. Cohen dated November 21, 1997 (motion sequence 002).

. Athough they share a common surname, plaintiff Richard Miller and defendant Diane Miller are not related. No one raises the workers’ compensation bar, and Diane Miller has defaulted (see, n 2, supra).

. With the permission of the court, the parties delayed submission of the motions until September 1998 in order to obtain discovery requested by plaintiff to oppose the motions.

. Although there are a few exceptions to this rule, none is relevant here.

. Suppose Commercial had done nothing and simply let plaintiff enter a default judgment against it; it would not he deemed to have waived its jurisdictional defense and any judgment entered against it would be vacated on a motion brought pursuant to CPLR 5015 (a) (4). (See, Siegel, NY Prac § 111, at 176 [2d ed].) The circumstances here are really no different merely because Commercial made an untimely motion under CPLR 3211 (a) (8) but did not waive the defense.

. Plaintiff claims the Statute of Limitations ran on July 18, 1997, three years after the accident. This is the period prescribed by CPLR 214 (5). But, plaintiff is thereby assuming that New York’s limitation period would apply. He does not reveal what the period of limitations is in Pennsylvania where the accident took place or in North Carolina where Commercial is located.

. The objection of a defect in the service is waived if defendant raised it in the responsive pleading but failed to move for judgment on that ground within 60 days after serving this pleading.

. Plaintiff presently resides in Florida.