■ ROBERT CAREY, Appellant, v C LAZY U RANCH, INC., et al., Respondents. [758 NYS2d 371] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered January 3, 2002, as granted the defendants' motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

This personal injury action arose when the plaintiff, a New York resident who writes for travel magazines, fell off a horse while horseback riding at C Lazy U Ranch (hereinafter the Ranch) in Colorado. The plaintiff was invited to the Ranch for a press trip weekend. All expenses for the trip were paid by the Ranch. The Ranch is a Kansas corporation with no offices, employees, or agents in New York, nor does it have any bank accounts in New York. The plaintiff was solicited by a Colorado-

based public relations firm hired by the Ranch. All communications between the parties were carried out via the mail and fax. The president of the Ranch stated in an affidavit that his hope was that the plaintiff would have a pleasurable experience and write a favorable article about the Ranch in a travel magazine.

We agree with the Supreme Court that there is no basis in this case to exercise long-arm jurisdiction over the defendants for an accident occurring in Colorado (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; CPLR 302 [a] [1]). The lone act of soliciting the plaintiff to visit the Ranch in Colorado with the hope that the plaintiff might write a favorable article for publication in a travel magazine, plus the mailing of a press kit to the plaintiff in New York, does not qualify as a purposeful act performed by the defendants in New York so as to constitute the transaction of business in the state (*see Kreutter v McFadden Oil Corp., supra*; *La Rosa v Levine*, 49 Misc 2d 932, 933 [1966]; CPLR 302 [a] [1]). Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint.

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Smith, Cozier and Mastro, JJ., concur.