In the Matter of EAGLE INSURANCE COMPANY et al., Respondents, v MARTIN GUTIERREZ-GUZMAN et al., Respondents, and AMERICAN INDEPENDENT INSURANCE COMPANY, Appellant. [801 NYS2d 328]—

In a proceeding to stay arbitration pursuant to CPLR article 75, American Independent Insurance Company appeals from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated November 17, 2003, as granted the petition to the extent of joining it as an additional respondent at a framed issue hearing, and denied its cross motion pursuant to CPLR 3211 (a) (8) to dismiss the petition insofar as asserted against it on the ground that the court lacked personal jurisdiction over it, in effect, without prejudice to renew.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the petition to the extent of joining the appellant as an additional respondent and substituting therefor a provision denying that branch of the petition, and (2) deleting the provision thereof denying the cross motion, in effect, without prejudice to renew, and substituting therefor a provision denying the cross motion as academic; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the framed issue hearing directed to be held in the above-entitled matter is stayed for a period of 60 days after service of a copy of this decision and order upon Eagle Insurance Company to allow it to commence an action or proceeding in the State of Pennsylvania, if it be so advised, to determine whether the appellant properly cancelled its insurance policy.

On November 3, 2001, there was a three-car accident on the Northern State Parkway in Suffolk County. One of the vehicles was driven by Renee Meeks and allegedly insured by New York Central Mutual Fire Insurance Company, one was driven by Martin Gutierrez-Guzman, insured by the petitioner Eagle Insurance Company (hereinafter Eagle), and the third by Lisa Young, allegedly insured by American Independent Insurance Company (hereinafter AIIC). After AIIC disclaimed coverage on Young's vehicle, Gutierrez-Guzman demanded arbitration from Eagle under the supplemental uninsured motorist endorsement of his insurance policy.

Thereafter, Eagle commenced this proceeding to stay the arbitration and, inter alia, to add AIIC as an additional respondent. AIIC, in turn, cross-moved pursuant to CPLR 3211 (a) (8) to dismiss the petition insofar as asserted against it on the ground that the court lacked personal jurisdiction over it, and, in effect, opposed the petition. The Supreme Court granted the petition, inter alia, to the extent of directing a framed issue hearing as to the existence of insurance coverage. The Supreme Court also joined AIIC as an additional respondent solely for the purpose of the framed issue hearing and denied AIIC's cross motion, in effect, without prejudice to renew.

We agree with AIIC that there was no basis upon which the Supreme Court could properly exercise personal jurisdiction over it. In its combined cross motion and opposition papers, AIIC produced sufficient unobjected-to proof to demonstrate that it had insufficient contacts with New York State to permit the court to exercise personal jurisdiction over it, even under CPLR 301 and 302, the so-called long-arm statutes (*see Carey v C Lazy U Ranch*, 304 AD2d 602 [2003]; *Terry v Farmer's Ins.*

*Co. of Ariz.*, 236 AD2d 829 [1997]). Contrary to Eagle's contention, the mere unilateral act of Young, AIIC's alleged insured, in driving into New York State, without more, was insufficient to permit the court to exercise long-arm jurisdiction over AIIC under the CPLR (*see Matter of New York Cent. Mut. Ins. Co. v Johnson*, 260 AD2d 638, 639 [1999]).

However, since the papers appear to possibly raise some question as to the validity of AIIC's alleged cancellation of its insurance policy on the Young vehicle, we have stayed the framed issue hearing for 60 days to give Eagle an opportunity to commence an action in the State of Pennsylvania, AIIC's domicile, to determine this issue (*id.* at 640).

In light of our determination herein, the affirmative relief requested by AIIC in its cross motion has been rendered academic. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.