*229 OPINION OF THE COURT
Lottie E. Wilkins, J.
Petitioner moves, pursuant to CPLR 7511 (b) (1) (iii), to vacate the uninsured/underinsured motorist arbitration award rendered against petitioner and in respondent’s favor on February 2, 2005. At issue is whether the arbitral forum had jurisdiction over the petitioner. Respondent opposes and raises several arguments as to why, under these circumstances, both the arbitrator and New York courts have jurisdiction over petitioner.
American Independent Insurance is a Pennsylvania corporation. The company has no offices or bank accounts in New York and does not solicit business in this state. More significantly, petitioner does not write insurance policies for New York vehicles and is not licensed to do so by this State’s Department of Insurance. Nonetheless respondent’s assignor, Cesar Ortega, was apparently injured in an accident that took place in New York and involved a party insured by petitioner. Thereafter, Mr. Ortega received treatment from respondent, Heights Chiropractic Care, EC., which in turn submitted bills to petitioner for payment. The parties do not seriously dispute that petitioner paid at least some portion of these bills.* When petitioner refused to provide further payments on respondent’s bills, respondent commenced an arbitration against petitioner. In an award dated February 2, 2005, arbitrator Ann Lorraine Russo awarded respondent $235.90 on the remaining disputed bill after a hearing at which petitioner did not appear. Petitioner then commenced this proceeding to vacate the arbitration award.
After reciting its lack of contacts with New York and some cursory factual background, petitioner argues that its amenability to no-fault arbitration in New York is not — and indeed cannot be — greater than the jurisdiction of New York courts over petitioner pursuant to New York’s “long-arm” statute, CPLR 301. Petitioner adverts this court’s attention to a number of decisions where it was determined that the court did not have “long-arm” personal jurisdiction over American Independent Insurance (see e.g., Matter of American Ind. Ins. Co. v McDonald, Sup Ct, Kings County, Nov. 13, 2003, Jackson, J., Index No. 18559/03; Advanced Med. Rehabilitation, PLLC v American Ind. Ins. Co., Civ Ct, Kings County, Apr. 20, 2004, Mendez, J., *230 Index No. 322631/03; Nationwide Ins. Co. v Coler, Sup Ct, Kings County, Jan. 15, 2003, Dabiri, J., Index No. 30044/01; Dillon Med. Supply Corp. v American Ind. Ins. Co., Civ Ct, Kings County, Dec. 17, 2004, Gesmer, J., Index No. 56058/02). There is also at least one Appellate Division decision with a similar holding (see, Matter of Eagle Ins. Co. v Gutierrez-Guzman, 21 AD3d 489 [2d Dept 2005]).
Under New York’s long-arm statute, a foreign corporation “doing business” in New York may be subject to the jurisdiction of the courts. However, the term “doing business” means more than occasional or tangential business activity in the state. For purposes of the long-arm statute, “doing business” means a “continuous and systematic course of conduct” within the state “with a fair measure of permanence and continuity” (Cardone v Jiminy Peak, 245 AD2d 1002, 1003 [3d Dept 1997], quoting Chamberlain v Jiminy Peak, 176 AD2d 1109, 1109 [1991] [internal quotation marks omitted], and Tauza v Susquehanna Coal Co., 220 NY 259, 267 [1917]). The mere solicitation of business in the state will not confer jurisdiction (id.). Similarly, the unilateral act of an out-of-state insured driving into New York, without more, is insufficient to confer personal jurisdiction over the insurer (Matter of Eagle Ins. Co., supra, 21 AD3d at 491). Thus, the fact that petitioner here paid a portion of respondent’s claim does not make petitioner subject to the jurisdiction of the courts because that act, by itself, does not constitute the type of systematic business activity required by law in order to confer jurisdiction on the court.
The weight of legal authority holds that petitioner is not subject to personal jurisdiction under New York’s long-arm statute and, by extension, is not amenable to New York’s no-fault arbitration process. Respondent contends, however, that New York’s long-arm statute is not the only legislative enactment that requires consideration. According to respondent, Insurance Law § 1213 elaborates upon the meaning of “doing business in this state” as that term pertains to out-of-state insurers. Specifically, respondent relies on Insurance Law § 1213 (b) (1) (D), which states that an unauthorized foreign or alien insurer that conducts “any other transaction of business” in this state is subject to the jurisdiction of New York courts.
Insurance Law § 1213 explicitly derogates the common-law definition of “doing business” in order to provide broader jurisdiction over certain out-of-state insurers. However, as the preamble of this section states, the intended beneficiaries of this *231 section are New York residents who “hold policies of insurance issued or delivered in this state by insurers while not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies” (Insurance Law § 1213 [a]). It is a well-settled principle of statutory interpretation that statutes in derogation of common law are to be construed narrowly, only to the extent necessary to accomplish the Legislature’s goals (Sherman v Robinson, 80 NY2d 483 [1992]). Respondents in this proceeding are clearly not in the class of persons who were intended to be the beneficiaries of Insurance Law § 1213. Respondent is not a resident who holds a New York policy issued by an unauthorized foreign insurer. Even as an assignee, respondent does not “stand in the shoes” of such a person. Thus, the expanded jurisdiction afforded by this section of the Insurance Law does not apply under the circumstances.
Respondent’s two remaining arguments in opposition to the petition are largely without merit. Contrary to respondent’s assertion, petitioner was not required to appeal the arbitrator’s decision to a master arbitrator before bringing this proceeding. Petitioner’s challenge to the arbitration is jurisdictional and cannot be waived. There is no requirement that petitioner exhaust all the procedural remedies of a forum that petitioner should not have been in to begin with. Likewise, petitioner’s financial connection to an insurance carrier that is licensed to issue policies in New York does not change petitioner’s status as a foreign corporation under these facts. To hold otherwise would completely ignore basic principles of corporate law.
For the foregoing reasons, the petition should be granted and the arbitration award dated February 2, 2005 against petitioner should be vacated.
Accordingly, it is ordered that the petition is granted and the subject arbitration award against petitioner is hereby vacated.

 The parties have provided virtually no factual background as to how or where this accident occurred; however, it appears that another individual, Rolando Acevedo, was also involved and petitioner paid for some of his treatment as well.