In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ROBERT O. BASEDOW et al., Respondents, and AMERICAN INDEPENDENT INSURANCE COMPANY, Appellant. [816 NYS2d 106]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, American Independent Insurance Company appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 30, 2005, which denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the petition insofar as asserted against it for lack of in personam jurisdiction.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is granted, the petition is dismissed insofar as asserted against the appellant, and the proceeding against the remaining respondents is severed; and it is further,

Ordered that the hearing directed to be held in the above-entitled matter is stayed for a period of 60 days after service of a copy of this decision and order upon the petitioner Government Employees Insurance Company to allow it to commence an action or proceeding in the State of Pennsylvania, if it be so advised, to determine whether the appellant properly cancelled the insurance policy of the proposed additional respondent Yonatan N. Germosen.

On October 11, 2003 a car allegedly owned by the respondent Yonatan N. Germosen and insured by the appellant American Independent Insurance Company (hereinafter American) was allegedly involved in a collision in Nassau County with a car owned by the respondent Robert O. Basedow and insured by the petitioner-respondent Government Employees Insurance Company (hereinafter GEICO), resulting in injuries to Basedow. After American disclaimed coverage on the ground that Germosen's policy had lapsed, Basedow demanded arbitration

from GEICO under the uninsured motorist endorsement of his policy with GEICO.

Thereafter, GEICO commenced this proceeding to stay the arbitration and, pursuant to an order of the Supreme Court dated November 17, 2003, sought to join American as an additional respondent. American did not answer. Almost four months after its answer was due under the provisions of the order dated November 17, 2003, American moved under CPLR 3211 (a) (8) to dismiss the petition for lack of personal jurisdiction. It argued that it was a Pennsylvania corporation and was not present in New York State for purposes of personal jurisdiction. The Supreme Court denied the motion as untimely. We reverse.

We agree with American that it lacked sufficient contact with New York State to be subjected to personal jurisdiction in New York State absent a waiver (*see Matter of Eagle Ins. Co. v Gutierrez-Guzman,* 21 AD3d 489 [2005]; *Matter of New York Cent. Mut. Ins. Co. v Johnson,* 260 AD2d 638 [1999]). American produced sufficient proof, without objection, demonstrating that it had insufficient contacts with New York State to permit the court to exercise personal jurisdiction over it (*see Matter of Eagle Ins. Co. v Gutierrez-Guzman, supra; Terry v Farmer's Ins. Co. of Ariz.,* 236 AD2d 829 [1997]). Contrary to GEICO's contention, the waiver provisions of CPLR 3211 (e) do not apply here because American neither appeared in the proceeding nor made another motion pursuant to CPLR 3211 (a) that failed to make its objections to personal jurisdiction.

Any default judgment or order against a party over which the court lacks jurisdiction is a nullity (*see Steele v Hempstead Pub Taxi,* 305 AD2d 401, 402 [2003]; *DeMartino v Rivera,* 148 AD2d 568, 569-570 [1989]; *Shaw v Shaw,* 97 AD2d 403, 404 [1983]; *Miller v Weyerhaeuser Co.,* 179 Misc 2d 471, 476 [1999]). Although American's motion was technically untimely, "[f]ailing to recognize the realities and adhering to the technicalities would simply undermine the speedy and inexpensive resolution of the controversy" (*Miller v Weyerhaeuser Co., supra* at 477). Since any default order or judgment against American would be a nullity, there is no point to denying American's motion as untimely. Consequently, under the unique circumstances of this case, we reverse and grant American's motion to dismiss the petition insofar as asserted against it (*see Miller v Weyerhaeuser Co., supra* at 477).

We note, however, that GEICO is not without a remedy. Since it is not clear from the record whether American's coverage of Germosen's vehicle was in effect on the date of the accident, we

have stayed the hearing for 60 days to give GEICO an opportunity to commence an action in the State of Pennsylvania, American's domicile, to determine this issue (*see Matter of Eagle Ins. Co. v Gutierrez-Guzman, supra* at 491; *Matter of New York Cent. Mut. Ins. Co. v Johnson, supra* at 640). Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.