■ BILL-JAY MACHINE TOOL CORP. et al., Appellants, v KOSTER INDUSTRIES, INC., et al., Defendants, and L.A. MACHINERY MOVING, Respondent. [816 NYS2d 115]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 14, 2004, as granted the motion of the defendant L.A. Machinery Moving to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Bill-Jay Machine Tool Corp. (hereinafter Bill-

Jay), a New York corporation, purchased certain industrial equipment from the defendant Koster Industries, Inc. Because the equipment was located in California, Bill-Jay hired the defendant Prime Transportation, Inc. (hereinafter PTI), to ship the equipment to its riggers in New Jersey, for ultimate delivery to Bill-Jay's plant in Ronkonkoma. Bill-Jay's agent, the defendant SAG Supply Corp. (hereinafter SAG), retained the defendant L.A. Machinery Moving (hereinafter LA Machine) to pack the equipment for transportation by PTI. Bill-Jay paid for LA Machine's services by wire transfer. The equipment allegedly was damaged in transit due to poor packing.

Bill-Jay commenced this action, inter alia, against LA Machine to recover damages. Prior to serving an answer, LA Machine moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (8) on the ground that the court lacked personal jurisdiction over it. The Supreme Court granted the motion. We affirm.

To successfully oppose a pre-answer motion to dismiss a complaint pursuant to CPLR 3211 (a) (8), "the plaintiff need only make a prima facie showing that personal jurisdiction exists" (*Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]). Here, in support of its motion to dismiss, LA Machine tendered competent, unrebutted evidence that it is a California corporation having no presence or business affiliation in this state. In opposition, Bill-Jay submitted evidence that LA Machine sent Bill-Jay's agent in New York a formal quote to perform the packing services, and that LA Machine received payment for its services directly from Bill-Jay in New York. It is undisputed, however, that LA Machine performed its contractual obligation to pack the machinery entirely in California and that, to the extent it failed to do so satisfactorily, the breach occurred there as well.

Although Bill-Jay did establish that LA Machine knew it was contracting with, and performing services for, a New York resident, such minimal contacts without more are insufficient to confer personal jurisdiction under New York's long-arm statute (*see Armouth Intl. v Haband Co.*, 277 AD2d 189 [2000]). Significantly, LA Machine did not contract "to supply goods or services in the state" (CPLR 302 [a] [1]). To the contrary, it contracted only to pack the equipment in California for transportation to New Jersey by PTI, an unrelated third party.

In order to defeat LA Machine's motion to dismiss, therefore, Bill-Jay had to show, prima facie, that LA Machine "transact[ed] . . . business within [New York]," and that the cause of action sued upon arose from that transaction (CPLR 302 [a] [1]; *see*

*Opticare Acquisition Corp. v Castillo, supra*). Stated otherwise, Bill-Jay had to establish that LA Machine "engaged in some purposeful activity within the State and [that] there [was] a substantial relationship between [that] activity and the plaintiff's cause of action" (*Armouth Intl. v Haband Co., supra* at 190). Based on the totality of the circumstances, we find, as did the Supreme Court, that Bill-Jay failed to make that showing (*see Presidential Realty Corp. v Michael Sq. W.*, 44 NY2d 672 [1978]; *Cooperstein v Pan-Oceanic Mar.*, 124 AD2d 632 [1986]; *Arista Tech., Inc. v Arthur D. Little Enters., Inc.*, 125 F Supp 2d 641, 649-654 [2000]).

Moreover, Bill-Jay's alternate contention that jurisdiction was properly established under CPLR 302 (a) (3) (ii) is without merit. Assuming, without deciding, that LA Machine committed a "tortious act" in California, Bill-Jay failed to establish, on this record, that LA Machine expected or should reasonably have expected such tortious act to have consequences in New York, as it is well settled that "the indirect financial loss resulting from the fact that the injured person resides or is domiciled [in New York]," without more, is insufficient to confer jurisdiction under CPLR 302 (a) (3) (ii) (*Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326 [1980]).

Accordingly, the complaint insofar as asserted against LA Machine was properly dismissed. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.