■ In the Matter of AMERICAN INDEPENDENT INSURANCE COMPANY, Respondent, v ART OF HEALING MEDICINE, P.C., et al., Appellants. [961 NYS2d 240]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of claims for no-fault insurance benefits, the appeal is from an order of the Supreme Court, Queens County (Strauss, J.), entered October 4, 2011, which granted the petition to permanently stay arbitration, and dismissed the appellants' counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the petition to permanently stay arbitration, and substituting therefor a provision denying the petition; as so modified, the order is affirmed, with costs to the appellants.

American Independent Insurance Company (hereinafter AIIC) commenced this proceeding to permanently stay arbitration of the appellants' claims for no-fault benefits on the ground that AIIC is not subject to personal jurisdiction in New York. Pursuant to CPLR 7503 (b), a petition to stay arbitration may be granted on the limited grounds that a valid agreement to arbitrate was not made or has not been complied with, or that

the claim sought to be arbitrated is barred by the statute of limitations. In addition, case law recognizes limited instances where arbitration is prohibited on public policy grounds (*see Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO,* 95 NY2d 273, 280 [2000]). Lack of personal jurisdiction is not a basis for granting a stay of arbitration.

In *Matter of Government Empls. Ins. Co. v Basedow* (28 AD3d 766 [2006]) and *Matter of Eagle Ins. Co. v Gutierrez-Guzman* (21 AD3d 489 [2005]), upon which AIIC relies, this Court dismissed, on the ground of lack of personal jurisdiction, so much of the petitions as sought to stay arbitration and to add AIIC as an additional respondent for the resolution of threshold issues. While these cases reinforce the rule that personal jurisdiction must first be obtained over a party before judgment may be entered upon an arbitration award (*see Sargant v Monroe,* 268 App Div 123, 126 [1944]), the petitioner's reliance upon them is misplaced. There is a strong public policy favoring arbitration, and courts interfere as little as possible with the freedom of parties to submit their disputes to arbitration (*see Matter of Smith Barney Shearson v Sacharow,* 91 NY2d 39, 49 [1997]; *Shah v Monpat Constr., Inc.,* 65 AD3d 541, 543 [2009]). Pursuant to CPLR 7503, courts decide threshold issues before compelling or staying arbitration (*see Merrill Lynch, Pierce, Fenner & Smith v Benjamin,* 1 AD3d 39, 43-44 [2003]). Here, AIIC has failed to allege, pursuant to CPLR 7503 (b), that a valid arbitration agreement was not made or complied with, that the claim sought to be arbitrated was barred by the statute of limitations, or that public policy precluded arbitration of this matter. Indeed, AIIC failed to provide in the record a copy of the relevant policy of insurance by which the terms and circumstances of arbitration may be reviewed. Contrary to AIIC's contentions, *Matter of Government Empls. Ins. Co. v Basedow* and *Matter of Eagle Ins. Co. v Gutierrez-Guzman* are not controlling, since the issue of personal jurisdiction in those cases arose in the context of an ongoing legal proceeding, where the petitioners sought to add AIIC as a party. Here, in contrast, AIIC seeks to permanently stay an arbitration on jurisdictional arguments outside of the limited grounds recognized by CPLR 7503 and its interpretive case law.

At this pre-arbitration stage, the issue is not whether New York courts have jurisdiction over AIIC, but whether the arbitrator has authority under the terms of the insurance contract to award no-fault benefits to the appellants (*see American Ind. Ins. v Gerard Ave. Med. P.C.,* 12 Misc 3d 1176[A], 2005 NY Slip Op 52302[U] [Sup Ct, Bronx County 2005]). Without providing

a copy of the policy of insurance, AIIC could not establish that a valid arbitration agreement is not controlling. Our recognition in other cases that New York State courts do not have personal jurisdiction over AIIC does not entitle AIIC to, in effect, a declaration that the arbitrator does not have authority and jurisdiction over AIIC. While personal jurisdiction is required for the exercise of the state's judicial power over a party, arbitration is a form of dispute resolution almost wholly independent of the court system (*see* Siegel, NY Prac § 586 at 1050 [5th ed 2011]). "Except for a few basic guarantees, such as the right to be heard and to be represented by counsel at the arbitration, the procedural law of the state is also inapplicable to arbitration, including the rules of evidence" (*id.* at 1052). In short, personal jurisdiction is not required for arbitration that is controlled by the parties' agreement. Therefore, the Supreme Court erred in granting the petition to permanently stay arbitration on the ground that there was no personal jurisdiction over AIIC.

The Supreme Court properly dismissed the appellants' counterclaims. The appellants demanded an arbitration, and they may not choose different forums for the resolution of issues or items of damages arising from a single injury (*see Roggio v Nationwide Mut. Ins. Co.*, 66 NY2d 260, 262 [1985]; *Cortez v Countrywide Ins. Co.*, 17 AD3d 508 [2005]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.