■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v MAHESHWARIE ALLY et al., Respondents, and AUTOONE INSURANCE COMPANY, Appellant. [964 NYS2d 579]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, AutoOne Insurance Company appeals from an order of the Supreme Court, Queens County (Rios, J.), entered December 15, 2011, which granted the amended petition to permanently stay arbitration.

Ordered that the order is affirmed, with costs.

On December 12, 2009, Maheshwarie Ally, a New York resident insured by the petitioner, Government Employees Insurance Company (hereinafter Geico), was injured when her vehicle collided with a vehicle owned and operated by Isaura M. Cabrera, a New Jersey resident insured by Camden Fire Insurance Association (hereinafter Camden). Camden, which is not authorized to transact business in New York, is controlled by the additional respondent AutoOne Insurance Company (hereinafter AutoOne), which is authorized to conduct business in New York. Cabrera purchased liability insurance from Camden, which, pursuant to New Jersey law, offered bodily injury coverage. Cabrera, however, declined such coverage, opting only for liability coverage for property damage. After the accident, Ally made a demand for arbitration seeking coverage under the un-

insured motorist provision of her own policy. Geico petitioned to permanently stay arbitration, asserting that Cabrera was not "uninsured" because, pursuant to Insurance Law § 5107, AutoOne was required to provide coverage for bodily injury even if Cabrera had declined such coverage in New Jersey. The Supreme Court granted the amended petition.

Cabrera's policy includes the following provision:

"If an insured under the Property Damage Liability Coverage is in another state or Canada and, as a nonresident, becomes subject to higher limits than are shown on the Policy Declarations as a result of motor vehicle compulsory insurance, financial responsibility, or similar law

"(1) this Policy will be interpreted to give the coverage required by the law; and

"(2) the coverage so given replaces any coverage in this Policy to the extent required by the law for the insured's operation, maintenance or use of an *auto* insured under this Policy."

As Cabrera is subject to New York's financial responsibility law (*see* Vehicle and Traffic Law § 318 [4] [a]; [5] [a]), his insurance policy provides bodily injury coverage by operation of the out-of-state insurance provision, and that coverage conforms to that required by New York's Financial Security Act (*see* Vehicle and Traffic Law § 311 [3], [4] [a]; *see also Matter of General Acc. Ins. Co. v Loi Tran*, 246 AD2d 543, 543-544 [1998]). Accordingly, the Supreme Court properly granted the amended petition to permanently stay arbitration. Rivera, J.P., Dickerson, Leventhal and Roman, JJ., concur.