■ In the Matter of AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v MARGARITA ROSARIO, Respondent. [20 NYS3d 37]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 10, 2014, which denied petitioner insurance company's petition to permanently stay arbitration of respondent's claim for uninsured motorist benefits, unanimously reversed, on the law, without costs, and the petition granted. The Clerk is directed to enter judgment accordingly.

On May 6, 2004, respondent was involved in an automobile collision with nonparty Alex Carela in Bronx County. At the time of the accident, respondent was insured by petitioner, and Carela was insured by nonparty American Independent Insurance Company, a Pennsylvania corporation not subject to jurisdiction in New York (*see Matter of American Tr. Ins. Co. v Hoque*, 45 AD3d 329 [1st Dept 2007]). Respondent obtained a default judgment against Carela in 2009, and in 2012 she

brought an action against American Independent in Bronx County, seeking to collect on the judgment (see Insurance Law § 3420 [a] [2]). American Independent moved to dismiss the action based on a lack of personal jurisdiction, and, by order entered May 8, 2013, Supreme Court (Mark Friedlander, J.), granted the motion.

Respondent then filed a demand for arbitration against petitioner, her insurer, seeking to collect uninsured motorist (UIM) benefits, and claiming that the May 8, 2013 order finding a lack of personal jurisdiction over American Independent had rendered Carela's car "uninsured." Petitioner sought to permanently stay arbitration, arguing that the applicable six-year limitations period had expired. Supreme Court rejected this argument, and denied the petition.

Supreme Court erred in denying the petition, as respondent's claim was untimely. A claim for UIM benefits is governed by the six-year statute of limitations applicable to contract actions (see Matter of De Luca [Motor Veh. Acc. Indem. Corp.], 17 NY2d 76, 79 [1966]). The claim accrues either when the accident occurs or when subsequent events render the offending vehicle uninsured (Matter of Allstate Ins. Co. v Morrison, 267 AD2d 381, 381 [2d Dept 1999]). Since there is more than a six-year lapse between the accident and the demand for arbitration, respondent must show that a later accrual date than the accident date is applicable, and that due diligence was used to determine whether the offending vehicle was insured on the date of the accident (id. at 381-382). Respondent failed to make this showing.

Supreme Court's ruling that there was no personal jurisdiction over American Independent in New York was not an event that rendered the offending vehicle uninsured within the meaning of Insurance Law § 3420 (f) (1) (see American Tr. Ins. v Barger, 13 Misc 3d 386, 389 [Sup Ct, NY County 2006]). Rather, it was simply a ruling that respondent could not pursue its action against American Independent in a New York court (accord Matter of Government Empls. Ins. Co. v Basedow, 28 AD3d 766 [2d Dept 2006]; Matter of Eagle Ins. Co. v Gutierrez-Guzman, 21 AD3d 489 [2d Dept 2005]).

Because no event rendered the offending vehicle uninsured, the statute of limitations for respondent's UIM claim began to run on the date of the accident, May 6, 2004, and expired six years later. Accordingly, respondent's demand for UIM arbitration, filed on or about February 10, 2014, was untimely and the arbitration should be permanently stayed. Concur— Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.