Matter of State Farm Mut. Auto. Ins. Co. v Prime Prop. & Cas. Ins. Inc. (2025 NY Slip Op 50265(U))

[*1]

Matter of State Farm Mut. Auto. Ins. Co. v Prime Prop. & Cas. Ins. Inc.

2025 NY Slip Op 50265(U)

Decided on March 3, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2025
Civil Court of the City of New York, Queens County

In the Matter of the Application of State Farm Mutual Automobile Insurance Company, As Subrogee of Roman Sobolevskyy, Petitioner,

against
Prime Property and Casualty Insurance Inc., Respondent.

Index No. CV-012592-24

Petitioner:
Nicolini, Paradise, Ferretti & Sabella
114 Old Country Road, Suite 500, Mineola, NY 11501
Phone: (516) 741-6355
Respondent:
Kennedys CMK LLP
570 Lexington Avenue, 8Th Floor, New York, NY 10022
Phone: (212) 252-0004

Mark Kagan, J.

The respondent Prime Property has moved pursuant to CPLR §5015 seeking to vacate a default judgement. The respondent has also moved pursuant to CPLR §602 seeking to consolidate this action with another pending action. The petitioner State Farm has opposed both motions. The court has reviewed all the papers submitted and now renders the following determination.
On July 13, 2020 a vehicle driven by Roman Sobolevskyy was involved in an accident with a vehicle driven by Ivan Dovale and owned by JLP Express Corp. An action was commenced in Supreme Court on September 19, 2022 and a year later on September 18, 2023 the parties in that action entered into a stipulation of discontinuance. On August 29, 2023 the petitioner commenced an arbitration proceeding with Arbitration Forums Inc., seeking loss transfer reimbursement pursuant to Insurance Law §5105. Upon the default of the respondent the petitioner was awarded $44,892.39 in a decision dated September 29, 2023. The petitioner then commenced the instant action seeking to confirm the arbitration award, and, in a decision dated August 8, 2024 the motion seeking to confirm the arbitration award was granted. The [*2]petitioner also commenced another action on September 16, 2024 wherein the petitioner, as subrogee of Sobolevskyy seeks the reimbursement of $49,800 in No-Fault payments paid by the petitioner for medical expenses and lost wages. The respondent has now moved seeking to vacate the award pursuant to CPLR §7511(b)(1)(iii). Specifically, the respondent asserts that as a foreign corporation not authorized to do business in New York it could not be subject to any arbitration in New York and therefore the arbitration decision is void and the default judgement should be vacated. The respondent also moves seeking to consolidate both actions since they both involve the same facts and circumstances. The petitioner has opposed both motions arguing that the arbitration held was valid and the two actions are different and cannot be consolidated.
Conclusions of Law
To vacate a default the movant must present a reasonable excuse for the default and a potentially meritorious defense (Global Liberty Insurance Company v. Shahid Mian M.D. P.C., 172 AD3d 1332, 102 NYS3d 240 [2d Dept., 2019]). Even if the respondent has presented a reasonable excuse conclusory denials of the allegations will be insufficient to satisfy a meritorious defense (Atwater v. Mace, 39 AD3d 573, 835 NYS2d 600 [2d Dept., 2007]).
There is no dispute New York courts lack jurisdiction over a party that does not transact business in New York or is not licensed to transact business in New York (see, CPLR 302, Bill-Jay Machine Tool Corp. v. Koster Industries, 29 AD3d 504, 506, 816 NYS2d 115 [2nd Dept., 2006]). There is further no dispute that a vehicle insured out of state that is involved in an accident within the state is insufficient, standing alone, to confer jurisdiction (Matter of New York Central Mutual Insurance Company v. Johnson, 260 AD2d 638, 688 NYS2d 681 [2d Dept., 1999]).However, the lack of jurisdiction that does not mean a party cannot be subject to an arbitration in New York. The case of American Independent Insurance Company v. Art of Healing Medicine P.C., 104 AD3d 761, 961 NYS2d 240 [2d Dept., 2013] is instructive. In that case an insurance company, AIIC, sought to stay arbitration on the grounds it was not subject to jurisdiction in New York. The court explained that "while personal jurisdiction is required for the exercise of the state's judicial power over a party, arbitration is a form of dispute resolution almost wholly independent of the court system" and that other than a few basic guarantees "personal jurisdiction is not required for arbitration that is controlled by the parties' agreement" (id). The court elaborated by noting, in that pre-arbitration matter, that "the issue is not whether New York courts have jurisdiction over AIIC, but whether the arbitrator has authority under the terms of the insurance contract to award no-fault benefits to the appellants" (id). The court explained that AIIC failed to submit a copy of its insurance policy. That failure meant AIIC could not establish an arbitration agreement was not controlling. Further, the court discounted other cases that held New York courts did not have jurisdiction over AIIC by noting that such decisions could not be viewed as a "declaration that the arbitrator does not have authority and jurisdiction over AIIC" (id). Therefore, the court held it was error to stay the arbitration. Following that decision and the procedural posture of the case, Professor Siegel wondered whether an insurer that defaults in an arbitration proceeding could then raise jurisdiction in a subsequent motion to confirm the arbitration award (see, Venue in Arbitration Situations, 255 Siegel's Practice Review 3 [2013]). MGA Insurance Company v. Erie County Medical Center, 2022 WL 1027603 [Supreme Court New York County 2022] resolved that question. In that case, the court denied a motion of an out-of-state insurer seeking to vacate a default judgement on the grounds the insurer did not conduct any business within the state because the insurer had failed to submit its insurance policy to determine whether an arbitration clause existed.
Thus, the lack of personal jurisdiction over the respondent would not bar any arbitration proceedings over the same respondent.
In addition, the existence of an 'out-of-state insurance clause' within respondent's policy would subject respondent to the financial liability No-Fault laws of New York (see, General Accident Insurance Company v. Tran, 246 AD2d 543, 667 NYS2d 417 [2d Dept., 1998]). An 'out-of-state insurance clause' subjects the insurer to conform to the motor vehicle insurance laws of any state where an insured becomes subject to those laws by driving in that state. Federal decisions are in accord. In Jaeger v. American Family Mutual Insurance Company, S.I., 735 F.Supp3d 1125 [District of Alaska 2024] the court explained that such insurance clauses are applicable when they arise from an insurer's duty to indemnify or defend claims in any state. The court stated that "when an insurer contracts to indemnify and defend their insured in any state in the nation, they contemplate that they may be hauled into any forum to do so and thus invoke the benefits and protections of each forum's law" (id). Again, without the ability to review the insurance policy the respondent has failed to present sufficient evidence warranting the vacatur of the arbitration award.
The respondent has cited numerous cases seeking to support its contention the court maintains no jurisdiction over it. First, in American Independent Insurance v. Heights Chiropractor Care P.C., 12 Misc 3d 228, 811 NYS2d 904 [Supreme Court New York County 2006] the court held there was no jurisdiction over an out-of-state insurance company sued for first party uninsured motorist benefits. That case equated jurisdiction and arbitration and held that if jurisdiction cannot be conferred, then "by extension" the party cannot be amenable to New York's arbitration process either. The court need not decide whether that proposition can be reconciled with American Independent Insurance Company v. Art of Healing Medicine P.C., (supra). In any event, that case has no bearing on the facts of this case at all. In that case the insured sued its own insurance company seeking first party benefits in a forum that had no connection to the insurance company at all. Thus, it was not reasonable to assert that, even if an insurance company policy contains a clause permitting arbitration anywhere, that an insured "may hale the Companies into any court in this nation" (King v. American Family Mutual Insurance Company, 632 F.3d 570 [9th Cir. 2011]). Surely, an insurer does not permit its insured to seek first party benefits anywhere, especially in jurisdictions where it does no business. In this case, however, the nexus to New York derives from a duty to indemnify, which, if an out-of-state insurance clause exists, reasonably notifies the respondent they may be required to defend in any state including New York.
Next, in GEICO Indemnity v. Prime Property & Casualty, Index Number 603953/2021 [Supreme Court Nassau County 2023] and New York State Insurance Fund v. Prime Casualty & Realty, Index Number 803471/2023 [Supreme Court Erie County 2024] the courts held, in unpublished opinions, that arbitrations could not proceed against the same insurer, the respondent in this action, Prime Property and Casualty Insurance Inc., because the respondent was not licensed to do business in New York and was thus not a covered person pursuant to Insurance Law §5102(j). However, neither decision discussed American Independent Insurance Company v. Art of Healing Medicine P.C. (supra) which clearly holds that whether a party must submit to arbitration is not in any way connected to the jurisdictional requirements of state courts. Moreover, those decisions failed to consider whether the insurance policy of the respondent contained an 'out-of-state insurance clause' which would subject the respondent to arbitration and any subsequent state court action to confirm any eventual award.
Therefore, the deciding factor whether the respondent in this case can be subject to arbitration is whether the respondent's policy contained procedures regarding arbitration (see, American Independent Insurance Company (supra). There is no way a determination can be made without examining the actual policy itself. Any affidavit from employees of respondent that the respondent was not authorized to do business in New York does not address whether the respondent's policy permitted, and perhaps required, arbitration.
Thus, the affidavit of Colin McGinley, a vice president of the claims department of the respondent, states that the respondent is not an authorized insurer in New York, does not conduct business in New York, maintains no officers or bank accounts in New York and did not submit a form to the New York State Department of Insurance pursuant to Vehicle and Traffic Law §311(4)(c) that its policy should be in compliance with the financial security requirements of New York State. While that information sufficiently establishes the respondent did not conduct business in New York (GEICO Indemnity v. Prime Property & Casualty, (supra) and New York State Insurance Fund v. Prime Casualty & Realty, (supra) the affidavit does not establish that a controlling arbitration agreement did not exist (see, Allstate Insurance Company v. Laldharry, 130 AD3d 814, 13 NYS3d 523 [2d Dept., 2015]). Moreover, any previous determinations the respondent did not conduct business in New York does not establish it could not be subject to arbitration in New York (American Independent Insurance Company, supra).
In this case, as noted, the respondent has failed to submit its insurance policy for review and thus has failed to present a meritorious defense necessary to vacate the default judgement already awarded. Any subsequent submission of the policy, should it support the respondent, when the respondent possessed it and failed to present it, cannot be a basis upon which to further consider the respondent's arguments. Therefore, based on the foregoing, the motion seeking to vacate the arbitration award is denied.
Concerning the motion seeking to consolidate the other pending action, that action was only filed in the event the motion seeking to vacate the arbitration award was granted. Indeed, the arbitration decision is a collateral estoppel bar to the petitioner's action against the respondent insurer or its insureds. The issues are identical and the arbitration determination conclusively decided the issue (Martin v. GEICO Direct Insurance, 313 AD3d 505, 818 NYS2d 265 [2d Dept., 2006]). . Therefore, the other action need not be consolidated since the action is improper. Therefore, the motion seeking consolidation is denied as moot.
Dated: March 3, 2025
Hon. Mark Kagan, JCC